[Crim. No. 672. Fifth Dist. Mar. 17, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
EMMETT REDEN WHEELER, Defendant and Appellant.

### COUNSEL

Robert L. Felts, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Daniel J. Kremer and Roger E. Venturi, Deputy Attorneys General, for Plaintiff and Respondent.

### OPINION

**COAKLEY, J.**—The history of this case follows:

In 1959, appellant pleaded guilty to a charge of burglary, second degree, Penal Code section 459, and was sentenced to prison by the Superior

Court of Kern County. He was not represented by counsel in those proceedings.[1] In 1963, while on parole, appellant was charged with three counts of burglary, Penal Code section 459, in an information filed in the Superior Court of Tulare County. The crimes charged were: (1) burglary of the Poplar Post Office on July 24, 1963; (2) burglary of the Woodville Post Office on July 17, 1963; and (3) burglary of the Woodville Farm Supply Building, on July 17, 1963. The Woodville burglaries took place within one building, said building housing both the United States Post Office and a general store. Appellant pleaded guilty to all counts of the information. A prior conviction (the 1959 burglary) charged in the information was found to be true. Appellant was represented by the deputy public defender. He was sentenced to prison on each of the three counts, the sentences to run consecutively. There was no appeal.

In November 1964, appellant filed a petition for a writ of error *coram nobis* in the Superior Court of Tulare County. The writ was denied.

In May 1967, appellant filed a petition for a writ of habeas corpus in the Supreme Court of California. The grounds were (A) he was not reprerepresented by counsel when he pleaded guilty to burglary in 1959; (B) when sentenced for the Woodville burglaries in 1963, he was given double punishment, i.e., two sentences to run consecutively for the entry of only one building. The Supreme Court denied the petition in August 1967.

On November 3, 1967, appellant filed a motion in the Superior Court of Kern County to vacate the 1959 judgment of conviction of burglary.[2] It was filed in propria persona. The motion was predicated upon an alleged denial of counsel in the municipal court on his initial arraignment on the burglary charge, and the acceptance by the magistrate of an in-court confession before certifying appellant to the superior court. The motion was denied, and appellant filed a timely appeal in this court. The Attorney General filed a motion to dismiss on behalf of the People. The matter was fully briefed herein by the appellant and by the Attorney General. The matter was considered by this court, and on April 9, 1968, we granted respondent's motion to dismiss. Appellant's motion for rehearing was denied. Following our denial of his motion for a rehearing, appellant petitioned for a hearing in the Supreme Court, which was denied.

In May 1968, appellant filed a petition for a writ of error *coram nobis* in the Superior Court of Tulare County. The court heard argument, and

---

[1]However, our examination of the record discloses that he made an express and knowledgeable waiver of counsel in those proceedings.

[2]A motion to vacate a judgment is in the nature of a writ of *coram nobis*. (*People v. Adamson,* 34 Cal.2d 320, 326 [210 P.2d 13]; *People* v. *Collins,* 137 Cal.App.2d 689 [290 P.2d 573].)

set a date for further hearing on the merits. In the interim, the district attorney presented objections to a hearing on the merits, predicated primarily upon the ground that appellant's application for a writ of error *coram nobis* alleged the same grounds for relief as he had alleged in his petition of August 1967, filed with the Supreme Court for a writ of habeas corpus, which petition was denied by that court.

On August 16, 1968, after hearing argument, the lower court took the matter under consideration, and, later that day, vacated its order granting a hearing on the merits, and denied the petition. In so doing, the court stated that its reasons for vacating its earlier order of that day was because when it made that order the court " . . . was unaware of the numerous proceedings in which the same issues have been raised that are raised in this proceeding," and theretofore disposed of adversely to the defendant.

Appellant filed a timely notice of appeal with the clerk of the superior court. Respondent filed a motion to dismiss the appeal herein. We denied the motion. Accordingly, we now consider and dispose of the appeal.

■ *Did the trial court err in denying a hearing on the merits on the petition for a writ of error coram nobis?* No.

The grounds asserted by appellant for the writ are:

(1) The judgment and sentences for burglaries of the Woodville Post Office and the general store are void, in that the court has prescribed double punishment for the commission of one act;

(2) The use of a prior conviction, while defendant was not represented by counsel, to enhance punishment was improper;

(3) The superior court did not have jurisdiction to render a judgment upon the Poplar and the Woodville Post Office burglaries as the offenses charged are subject to the exclusive jurisdiction of the federal court.

■ We first examine the nature and purpose of *coram nobis*. "In this state a motion to vacate a judgment in the nature of a petition for *coram nobis* is a remedy of narrow scope. [Citations.] Its purpose is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court. [Citations.] ■ The applicant for the writ 'must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has stated no ground for relief.' [Citation.]

"With expansion of the function of habeas corpus in this state, an application for that writ has become the proper remedy to attack collaterally a judgment of conviction which has been obtained in violation of fundamental constitutional rights." (*People* v. *Adamson,* 34 Cal.2d 320, 326-327 [290 P.2d 573].)

■ The tests for determining whether *coram nobis* will lie are set forth in *People* v. *Shipman,* 62 Cal.2d 226, 230 [42 Cal.Rptr. 1, 397 P.2d 993], in these words: "The writ of *coram nobis* is granted only when three requirements are met. (1) Petitioner must 'show that some fact existed which, without any fault or negligence on his part, was not presented to the court at the trial on the merits, and which if presented would have prevented the rendition of the judgment.' [Citations.] (2) Petitioner must also show that the 'newly discovered evidence . . . (does not go) to the merits of issues tried; issues of fact, once adjudicated, even though incorrectly, cannot be reopened except on motion for new trial.' [Citations.] This second requirement applies even though the evidence in question is not discovered until after the time for moving for a new trial has elapsed or the motion has been denied. [Citations.] (3) Petitioner 'must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ.' [Citations.]"

■ Appellant's contention that *coram nobis* is the proper means for determining the issues raised by him is without merit. With reference to double punishment, it is unnecessary for us to consider whether the alleged double punishment is a question of fact or of law. If it is a question of law, then, under the authorities cited, *supra,* it may not be reached by *coram nobis.* On the other hand, and to the extent that it may be said to be a question of fact, all of the facts surrounding the Woodville burglary or burglaries on July 17, 1963, were known to the appellant at the time he pleaded guilty to the two burglaries he was charged with committing in Woodville on that day. Therefore, appellant has not brought himself within the first and third conditions quoted above from *People* v. *Shipman, supra,* 62 Cal.2d 226, 230.

The question of whether jurisdiction to try the appellant for post office burglaries vests concurrently in the state and federal courts, or in the federal courts alone, clearly is one of law, not fact.

Appellant's final contention that the use of a prior conviction for purposes of sentencing when he was not represented by counsel in the prior proceedings in which he suffered the conviction constitutes grounds for a writ of error *coram nobis* must also be rejected in the light of the authorities cited herein. While it is a fact he was not represented by counsel when he

pleaded guilty to burglary in 1959,[3] his right to counsel as subsequently mandated in *Gideon* v. *Wainwright,* 372 U.S. 335 [9 L.Ed.2d 799, 83 S.Ct. 792, 93 A.L.R.2d 733], and *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], is a matter of law, i.e., a constitutionally declared right, rather than a question of fact. (*In re James,* 38 Cal.2d 302, 310 [340 P.2d 596].) ■ Habeas corpus, not *coram nobis* has become the proper remedy to attack collaterally a judgment of conviction which has been obtained in violation of fundamental constitutional rights. (*People* v. *Adamson, supra,* 34 Cal.2d 320, 327; *People* v. *Larsen,* 144 Cal.App.2d 504, 506 [301 P.2d 298].)

We hold, therefore, that *coram nobis,* as that remedy has been interpreted by our Supreme Court, is not an appropriate procedure for testing the alleged errors complained of in this case.

Accordingly, we affirm the order denying the writ.

Stone, P. J., and Gargano, J., concurred.

---

[3]See footnote number 1, *supra.*