[No. D020400. Fourth Dist., Div. One. Mar. 30, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
THOMAS L. GOOCH, Defendant and Appellant.

**COUNSEL**

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Robert M. Foster and Meagan J. Beale, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**HALLER, J.**—Thomas L. Gooch appeals the judgment on his conviction of transporting methamphetamine (Health & Saf. Code, § 11379, subd. (a)).

On April 12, 1993, San Diego Police Officer Spear detained Gooch after observing him driving a pickup with expired license tags. After Gooch told Spear his driver's license was suspended, the officer arrested Gooch for driving without a driver's license. Spear searched Gooch and found in his pocket a baggie containing 3.8 grams of methamphetamine and $2,410. Gooch entered a negotiated guilty plea to transporting methamphetamine. The plea bargain included a three-year middle term lid and dismissal/striking of other charges and allegations. The court sentenced Gooch to serve the three-year middle term and at Gooch's request, stayed execution for three weeks. Gooch did not appear on the report date. Thereafter, he was arrested and sentenced to serve four years.[1] Gooch contends the court erred in imposing the four-year sentence.

Gooch argues the trial court lacked jurisdiction to increase the sentence after entering judgment; the increased sentence is not based on an enhancement pleaded and proven or admitted; and the increased sentence violates the plea bargain. Reluctantly, we conclude that the court did not have the authority to impose the additional year.

The record before us shows that Gooch entered his negotiated plea on September 13, 1993.[2] On November 15, 1993, the court sentenced Gooch to state prison for the middle term of three years. Immediately following that pronouncement, Gooch's counsel and Gooch asked for a "report date." The court agreed to three weeks but admonished, "If you don't show up, you're going to add on a bullet to it." Gooch responded, "All right." The clerk announced the report date (Dec. 6, 1993) and the hearing ended. Court minutes bearing the date November 15, 1993, reflect the three-year middle-term sentence and the stay of execution, but do not reference the one-year "bullet."

Because Gooch did not appear on December 6, 1993, the court forfeited his bond and issued a no-bail bench warrant. Gooch was arrested and appeared before the court on December 27, 1993. At that hearing, Gooch acknowledged that the court had previously told him he would get an additional year if he failed to appear as promised; the deputy district attorney urged the court to "resentence" Gooch; the court expressed its interest in imposing the additional year, but it questioned its authority to do so. The

---

[1]The reporter's transcript reflects the court did not mention the structure of the four-year term. The abstract of judgment reflects a three-year middle term enhanced by a year for a prior prison term.

[2]The minutes reflect that Gooch plead guilty to count 1 (Health & Saf. Code, § 11379, subd. (a)) and that the court granted the People's motion to dismiss all remaining counts and strike all allegations and enhancements. The transcript of the hearing reflects the guilty plea but does not reflect a People's motion to dismiss and/or strike.

court continued the matter to review the transcript of the November 15 probation and sentencing hearing.

On January 5, 1994, the court "resentenced" Gooch to four years in prison, noting that Gooch had previously agreed that "if he failed to show, he was going to receive an additional year in custody that we had stricken." In the court's view, the "plea agreement, . . . was modified at the time of sentencing to his agreement to do an additional year if in fact he violated my trust in allowing him to remain free until the execution date."

Over 50 years ago, our Supreme Court declared that " 'If the sentence has been entered in the minutes of the court, . . . then the court is without jurisdiction to vacate, add to, or in any manner modify the sentence originally pronounced.' " (*People* v. *Kirkpatrick* (1991) 1 Cal.App.4th 538, 542-543 [3 Cal.Rptr.2d 213], quoting *People* v. *McAllister* (1940) 15 Cal.2d 519, 526-527 [102 P.2d 1072].) Recently, in *People* v. *Karaman* (1992) 4 Cal.4th 335 [14 Cal.Rptr.2d 801, 842 P.2d 100], the court analyzed this well-settled rule in the context of a stay in the execution of the sentence.

■ There the court reiterated that "a valid sentence may not be *increased* after formal entry in the minutes . . ." (*People* v. *Karaman, supra,* 4 Cal.4th at p. 350, fn. omitted, italics in original) but concluded "that where the sentence is to a term of imprisonment, the trial court retains jurisdiction, during the period a stay is in effect and at any time prior to execution of the sentence, to reconsider the sentence and vacate it or impose any new sentence which is not greater than the initial sentence, . . ." (*Id.* at p. 352.)

Thus, while the court does not lose jurisdiction while a stay is in effect, even where the sentence has been entered in the minutes, the court's authority is not unlimited. A court can (1) vacate the previously imposed sentence and permit the defendant to withdraw his plea or (2) reduce the initial sentence. It cannot, as the court did here, increase the sentence.

■ The People urge that taken as a whole, the record reveals that Gooch agreed to a modified plea bargain. Although tempted to embrace this approach, the People offer no authority for the proposition that a plea bargain can be modified *after* the court has imposed its sentence. Moreover, the contention is inconsistent with *Karaman*'s pronouncement limiting the court's options while a stay of execution is in effect.[3]

---

[3]Mindful that future sentencing courts will be faced with requests for report dates and that, when granted, the courts will be understandably motivated to ensure compliance, we make the following observations. Where the court grants a stay of execution and the defendant fails to

## DISPOSITION

The trial court is ordered to amend the abstract of judgment by striking the one-year enhancement pursuant to Penal Code section 667.7, subdivision (b). The trial court is directed to forward the amended abstract of judgment to the Department of Corrections. In all other respects, the judgment is affirmed.

Froehlich, Acting P. J., and Nares, J., concurred.

---

appear, upon apprehension, the court has authority to vacate its prior sentence and allow the defendant to withdraw his plea.

Likewise, where a defendant asks for a report date after sentence has been imposed, and the court wishes to grant the request, the court can immediately vacate its sentence; instruct the clerk to strike any reference to sentencing in the minutes; obtain the defendant's consent to waive time for sentencing; tell the defendant what the court intends to do if the defendant does not appear on the report date; and secure the defendant's knowing and intelligent waiver of the court's obligation to be bound by the terms of the previously agreed to plea bargain if the defendant fails to appear.