90 Cal.Rptr.2d 536 (1999)
76 Cal.App.4th 537
The PEOPLE, Plaintiff and Appellant,
v.
Vincent IBANEZ, Defendant and Respondent.
No. E024579.
Court of Appeal, Fourth District, Division Two.
November 29, 1999.
Review Denied March 15, 2000.
*538 Grover Trask, District Attorney, Elaina G. Bentley and Timothy F. Freer, Deputy District Attorneys, for Plaintiff and Appellant.
Wallin & Klarich and Jill M. Bojarski, Tustin, for Defendant and Respondent.
Certified for Partial Publication.[*]

*537 OPINION
RICHLI, J.
This is an appeal by the Riverside County District Attorney (the People) from the trial court's order granting defendant Vincent Ibanez (defendant) a writ of coram nobis to vacate judgment and withdraw his plea of guilty.[1] As explained below, we will reverse the trial court's ruling on the grounds a writ of error coram nobis cannot be used to correct a legal error, and because the trial court abused its discretion in granting defendant's motion to withdraw his plea.

I

FACTUAL AND PROCEDURAL BACKGROUND
On April 21, 1998, the People filed a felony complaint against defendant, charging him with six counts of lewd and lascivious acts on a child under the age of 14 (Pen.Code, § 288, subd. (a)[2] (counts I, III  VII) and one count of continuous child molestation (§ 288.5) (count II).
On August 26, 1998, prior to the preliminary hearing, defendant, who was then represented by Anthony Contreras, entered an open plea to all counts on the basis of the trial court's sentence of eight years. At that time, the trial court went over the Tahl form (In re Tahl (1969) 1 Cal.3d 122, 81 Cal.Rptr. 577, 460 P.2d 449) with defendant, found his plea to be knowing and voluntary, and expressly took a factual basis for the plea. The court then proceeded to (1) take a waiver of formal arraignment for judgment; (2) recite a formal allocution pursuant to section 1200; (3) orally pronounce sentence; (4) calculate credit for time served; (5) impose the necessary restitution fines; (6) advise defendant of parole and registration consequences; and, finally, (7) order an AIDS test pursuant to section 1202.1. At this hearing, the trial court also set September 9, 1998, as the day defendant was to surrender for execution or commitment of sentence to allow him to get his personal affairs in order.
On September 9, 1998, defendant, who was represented by new counsel, Stephen D. Klarich, informed the court that he wished to make a motion to withdraw his guilty plea based on his former attorney's failure to investigate the case and advise him fully of the potential consequences of the plea. He thus requested a 30-day continuance to prepare and file his motion. The court granted defendant's continuance over the People's objection.
On October 6, 1998, defendant filed a "Motion and Petition for Writ of Error Coram Nobis to Vacate Judgment and Withdraw Plea of Guilty" (capitalization *539 omitted) with supporting points and authorities and exhibits. The petition essentially alleged[3] defendant's plea of guilty should be withdrawn because he was not advised by his attorney or by the court, prior to entering his guilty plea, that his plea to multiple counts of child molestation against multiple victims subjected him to the potential of civil commitment proceedings under Welfare and Institutions Code section 6600, et seq., informally known as the Sexually Violent Predators Act (SVPA).[4] On December 10, 1998, the People filed their opposition to defendant's petition.
The petition was heard and granted on January 8,1999. The trial court concluded the petition should be granted because (1) the law was unclear whether civil commitment proceedings under the SVPA might be construed as a direct penal consequence of the guilty plea to which a defendant must be informed before he pleads; and (2) the Tahl form,[5] which contains a box for "potential civil commitment," was not initialed by defendant. Defendant then withdrew his plea of guilty on counts I-VII, and a preliminary hearing date of February 19,1999, was set.
On March 9, 1999, the People filed a timely notice of appeal and a simultaneous petition for writ of prohibition/mandate. On March 17, 1999, this court summarily denied the People's petition for writ of mandate.[6] This appeal followed.

II

DISCUSSION

A. Appealability

The People contend the order granting defendant's petition for a writ of coram nobis is an order after judgment which is appealable under section 1238, subdivision (a)(5),[7] because defendant was sentenced before he sought to withdraw his plea. Defendant responds he was not effectively sentenced because the court merely stated an indicated sentence which was contingent on his return to court on a later date. As explained below, defendant is wrong.
The People have no right of appeal except as provided by statute. (People v. Smith (1983) 33 Cal.3d 596, 600, 189 Cal. Rptr. 862, 659 P.2d 1152; People v. Drake (1977) 19 Cal.3d 749, 754, 139 Cal.Rptr. 720, 566 P.2d 622; People v. Bailey (1996) 45 Cal.App.4th 926, 929, 53 Cal.Rptr.2d 198.) "The restriction on the People's right to appeal is not merely a procedural limitation allocating appellate review between direct appeals and extraordinary writs but is a substantive limitation on review of trial court determinations in criminal trials." (People v. Superior Court (Howard) (1968) 69 Cal.2d 491, 498, 72 Cal.Rptr. 330, 446 P.2d 138.)
Section 1238 specifies the judgments and orders of a trial court from which the People may appeal. An "order after judgment" within the meaning of section 1238 is an order which is rendered *540 after the imposition of sentence. (People v. Perez (1979) 23 Cal.3d 545, 549, fn. 2, 153 Cal.Rptr. 40, 591 P.2d 63 [" ... judgment is synonymous with the imposition of sentence...."]; People v. Warner (1978) 20 Cal.3d 678, 682, fn. 1, 143 Cal.Rptr. 885, 574 P.2d 1237 [same]; People v. Chlad (1992) 6 Cal.App.4th 1719, 1725, 8 Cal. Rptr.2d 610 [same].) In a criminal case, judgment is rendered when the trial court orally pronounces sentence. (§§ 1191 and 1202; People v. Karaman (1992) 4 Cal.4th 335, 344, fn. 9,14 Cal.Rptr.2d 801, 842 P.2d 100; Chlad, supra, at p. 1725, 8 Cal. Rptr.2d 610; People v. Mesa (1975) 14 Cal.3d 466, 471, 121 Cal.Rptr. 473, 535 P.2d 337; People v. Thomas (1959) 52 Cal.2d 521, 529, fn. 3, 342 P.2d 889.)
Here, the trial court orally pronounced sentence. After finding the plea was free and voluntary and knowingly and intelligently made, and after expressly taking a factual basis for the plea, the court specifically stated, "Judgment order of the Court that probation be denied, and the defendant be sentenced to a period of 8 years in State prison."[8] The court then allowed defendant to remain free on bail until September 9, 1998, to get his affairs in order before he turned himself in for custody.[9] Immediately thereafter, the court took a waiver of formal arraignment for judgment, proceeded to recite a formal allocution pursuant to section 1200,[10] calculated credit for time served, imposed the necessary restitution fines, advised defendant of the parole and registration consequences, and ordered an AIDS test as required by section 1202.1.
Finally, before the proceedings concluded, the trial court again pronounced defendant's sentence. Sentence of defendant was therefore effectively imposed by the trial court on August 26, 1998, before the court granted defendant's petition for writ of coram nobis, despite defendant's contention to the contrary.[11]
*541 Accordingly, we find there was a judgment against defendant. (Stephens v. Toomey (1959) 51 Cal.2d 864, 871, 338 P.2d 182.) The order granting defendant's petition for writ of coram nobis can therefore be considered an order after judgment and thus is appealable under subdivision (a)(5) of section 1238. (People v. Goodspeed (1963) 223 Cal.App.2d 146, 152, 35 Cal. Rptr. 743.)

B. Writ of Error Coram Nobis

The People contend the trial court abused its discretion when it granted defendant's writ of error coram nobis, because the court erroneously concluded defendant needed to be advised of potential civil commitment under the SVPA before he pleaded guilty. Defendant replies the court did not abuse its discretion because the fact unknown to the court at the time of his guilty plea was that he did not know he faced the potential of civil commitment under the SVPA.
A writ of error coram nobis is reviewed under the standard of abuse of discretion. (People v. Tuthill (1948) 32 Cal.2d 819, 821, 198 P.2d 505; People v. Goodspeed, supra, 223 Cal.App.2d 146, 156, 35 Cal.Rptr. 743.) A writ of coram nobis is generally used to bring factual errors or omissions to the court's attention. (§ 1265.) "The writ will properly issue only when the petitioner can establish three elements: (1) that some fact existed which, without his fault or negligence, was not represented to the court at the trial and which would have prevented the rendition of the judgment; (2) that the new evidence does not go to the merits of the issues of fact determined at trial; and (3) that he did not know nor could he have, with due diligence, discovered the facts upon which he relies any sooner than the point at which he petitions for the writ. [Citations.]" (People v. Soriano (1987) 194 Cal.App.3d 1470, 1474, 240 Cal.Rptr. 328, italics omitted; see also People v. Shipman (1965) 62 Cal.2d 226, 230, 42 Cal. Rptr. 1, 397 P.2d 993; People v. Gontiz (1997) 58 Cal.App.4th 1309, 1312-1313, 68 Cal.Rptr.2d 786; People v. Castaneda, supra, 37 Cal.App.4th at pp. 1618-1619, 44 Cal.Rptr.2d 666.) "The writ lies to correct only errors of fact as distinguished from errors of law. [Citation.]" (People v. Sharp (1958) 157 Cal.App.2d 205, 207, 320 P.2d 589.)
Here, there is clearly no new evidence, and the only contention is the legal contention of whether the law requires defendant to be advised of potential civil commitment proceedings under the SVPA. Indeed, the facts are not in dispute. The error alleged here is a mistake of law attributed to defendant's counsel and arguably the court.
Based on the record, it appears the trial court and defendant's counsel did not know whether the law requires a defendant to be advised of the consequences under the SVPA. At one time, the court stated, "And I think the law requires that the defendant be advised of that consequence if there's multiple victims." Then, after the prosecutor asked the court to apply a United States Supreme Court case which interpreted a more restrictive sexually violent predators statute from Kansas to this case,[12] the court asserted, "The Kansas statute, I agree, is very similar to the California statute. And I don't have any law one way or the other  California law, that says that you must advise a defendant *542 of the possible consequences of the sexual predator act. But common sense tells me that ... there is such an issue there that could  in my judgment, will probably go against me sometime in the future, and then we're back here anyway. [¶] And I think this is  I think based on what we've got so far, I think I would be prudent in allowing him to withdraw his plea, not even getting into whether [defendant's former counsel] did this or didn't do this or didn't do that." If defendant or his counsel made a mistake of law, the writ of coram nobis is unavailable because there was fault or negligence on his part. (People v. Banks (1959) 53 Cal.2d 370, 378-379, 1 Cal.Rptr. 669, 348 P.2d 102.)
Defendant, however, argues that a fact existed which, without his fault, was not presented to the court, and which if presented would have prevented the judgment. He asserts "... the fact unknown to the court at the time of [his] guilty plea was that [he] did not know he faced the potential of civil commitment under the SVPA. The court's comments make it clear that the court believed that fundamental fairness required that he be so informed before entering a guilty plea. Thus, if the fact of [his] ignorance of the potential consequence had been made known to the court, the court would not have entered the judgment, at least without advising [him] of the potential consequence." However, a claim that defendant was "ignorant" before he pleaded guilty is an insufficient ground in support of his petition. (See People v. Adamson (1949) 34 Cal.2d 320, 332, 210 P.2d 13.)
Further, this "unknown fact" is immaterial, because, as defendant concedes, the law does not require defendant be advised of the potential consequences under the SVPA. (See People v. Moore (1998) 69 Cal.App.4th 626, 630-631, 81 Cal. Rptr.2d 658.) It is undisputed that civil commitment under the SVPA is a collateral consequence rather than a direct penal consequence and that the court was not obligated to advise defendant of that consequence in light of People v. Moore, supra. (See also Hubbart v. Superior Court, supra, 19 Cal.4th 1138, 81 Cal.Rptr.2d 492, 969 P.2d 584 [Our Supreme Court, by relying on a United States Supreme Court case interpreting Kansas's similar SVPA, upheld the California SVPA, finding it constituted civil commitment and rejecting due process, equal protection, and ex post facto challenges.].) Defendant therefore cannot assert the court erred by failing to advise him of the potential consequences under the SVPA before he pleaded guilty, since no advisement was necessary.
Defendant mischaracterizes what constituted the previously unknown fact in this case. The error in this case did not involve facts or evidence but instead concerned a legal issue. Defendant's ignorance regarding the potential for civil commitment under the SVPA is a legal, not a factual, question.[13]
In People v. Wheeler (1970) 5 Cal.App.3d 534, 85 Cal.Rptr. 242, defendant was charged with and sentenced twice for a single burglary. He challenged his double punishment by a petition for writ of error coram nobis. The trial court denied the petition and the appellate court affirmed, stating that either (1) the writ could not be used to correct legal error or, in the alternative, (2) defendant did not establish the required unknown facts because he knew about the facts concerning the burglary at the time he pleaded guilty to two burglaries instead of one. (Id., at p. 538, 85 Cal.Rptr. 242.)
*543 Likewise, here, defendant's failure to recognize that his plea may possibly have civil commitment consequences under the SVPA is an error of law. The People correctly contend that a coram nobis petition cannot be used to correct legal error. (People v. Moore (1935) 9 Cal.App.2d 251, 252, 49 P.2d 615; People v. Wheeler, supra, 5 Cal.App.3d at p. 539, 85 Cal.Rptr. 242.) The only exception to this rule occurs where the error is jurisdictional. (People v. Thomas, supra, 52 Cal.2d 521, 526, 342 P.2d 889.) Defendant also cannot show the required unknown facts because he knew about the facts concerning the lewd acts on the children and child molestation at the time he pleaded guilty to these crimes.
Further, defendant's reliance on People v. Wiedersperg (1975) 44 Cal.App.3d 550, 118 Cal.Rptr. 755 is misplaced. In that case, the defendant contended the trial court erred in its holding that it did not have jurisdiction to entertain the petition for writ of error coram nobis. (Id., at p. 552, 118 Cal.Rptr. 755.) The appellate court agreed and held that the trial court erred when it denied the defendant's petition for writ of coram nobis. (Ibid.) The court emphasized that it was the ignorance of the defendant's lawyer of the defendant's status as a resident alien, not a citizen, which constituted an unknown fact that justified coram nobis relief. The opinion does not disclose whether the defendant, who came to the United States when he was 10 and who was 21 at the time of his offense, was aware of his alien status. But the opinion refers three times to the lawyer's lack of knowledge on this fundamental point. It was not disputed that the defendant could be deported if he suffered a criminal conviction as an alien. However, the latter constituted a legal, not a factual, issue.[14]
Moreover, the court in People v. Soriano, supra, 194 Cal.App.3d 1470, 1474, 240 Cal.Rptr. 328, analyzing the holding in People v. Wiedersperg, supra, 44 Cal. App.3d 550, 118 Cal.Rptr. 755, noted, "The Court of Appeal decision [in Wiedersperg] was an extremely limited one. It found only that the trial court to whom the writ was directed had erred in finding it had no jurisdiction to consider the petition, and that Wiedersperg had stated facts which, if they could be proven, would permit issuance of the writ in the discretion of the trial court. [Citation.]" (Soriano, supra, at p. 1475, 240 Cal.Rptr. 328.) Thus, defendant here improperly relies on Wiedersperg to support his contention that he is entitled to coram nobis relief.
People v. Trantow (1986) 178 Cal.App.3d 842, 224 Cal.Rptr. 70 also supports our conclusion. In that case, like here, the defendant argued that, had the trial court known of her alien status and the possibility of deportation, it would not have rendered the judgment it did. Rejecting the defendant's claim, the court held, "Assuming that the mistake of `fact' was that Trantow did not know her alien status might result in deportation, it does not necessarily follow that this would have `prevented' the judgment. Trantow's alien status is a fact irrelevant to her conviction on the two felony charges. [¶] ... [¶] ... Trantow has mistakenly confused facts which would `prevent' the rendition of judgment with facts which might engender sympathy." (Id., at pp. 845-846, 224 Cal. Rptr. 70.)
Similarly, assuming the mistake of "fact" was that defendant did not know about the potential consequences under the SVPA, this would not have prevented his judgment. Indeed, as the People argue, defendant may not even qualify as a sexually violent predator under the SVPA.[15] Although defendant, by virtue of his plea and admissions, may be automatically referred for an initial screening under *544 the SVPA before his release from prison (People v. Moore, supra, 69 Cal.App.4th at p. 632, 81 Cal.Rptr.2d 658), this screening would not necessarily lead to a finding that defendant was a sexually violent predator under the SVPA. Any such determination would require additional steps and additional findings, i.e., an evaluation, a probable cause hearing, and, finally, a trial, which would not be controlled by defendant's plea and admissions therein. (Ibid.; Welf. & Inst.Code, § 6601 et seq.) As stated in Moore, "[i]t is apparent from this brief outline of the [SVPA] procedures that any finding that [defendant] is a[ ] [sexually violent predator] will not be an `immediate' or `inexorable' result of his plea and admissions in this case. [Citations.]" (Moore, supra, at p. 632, 81 Cal. Rptr.2d 658.)
Defendant must show that the mistake of fact would have prevented the rendition of judgment. To suggest that the court would have given defendant a reduced plea simply because under different circumstances the court in Wiedersperg indicated that a trial court might have done so, is speculation. (People v. Trantow, supra, 178 Cal.App.3d at p. 846, 224 Cal.Rptr. 70.)
"A petition for writ of error coram, nobis places the burden of proof to overcome the strong presumption in favor of the validity of the judgment on the petitioner. This burden requires the production of strong and convincing evidence. A mere naked allegation that a constitutional right has been invaded will not suffice. The application should make a full disclosure of the specific facts relied upon and not merely state conclusions as to the nature and effect of such facts. [Citation.]" (People v. Stapleton (1956) 139 Cal.App.2d 512, 513-514, 293 P.2d 793; see also People v. Grgurevich (1957) 153 Cal.App.2d 806, 811, 315 P.2d 391; People v. Gennaitte (1954) 127 Cal.App.2d 544, 548, 274 P.2d 169.)
Unfortunately, the record reflects that the parties did not argue and the trial court did not consider these aspects of the requirements for coram nobis relief. Instead, the trial court improperly granted coram nobis relief to correct a legal error. Even though we conduct our review under the deferential abuse of discretion standard, that discretion is only "exercisable according to the rules of law." (People v. Goodspeed, supra, 223 Cal.App.2d at p. 156, 35 Cal.Rptr. 743.) We cannot uphold the trial court when it commits legal error.
We conclude defendant did not meet the first prong, requiring the showing of a previously unknown fact. Therefore, it is unnecessary to consider the People's additional arguments regarding diligence, delay, and prejudice.

C. Motion to Withdraw[**]

III

DISPOSITION
The order granting defendant's motion and petition for writ of error coram nobis to vacate judgment and withdraw plea of guilty is reversed, and the cause is remanded with directions to the trial court to reinstate and reenter its judgment and sentence rendered on August 26, 1998.
RAMIREZ, P.J., and HOLLENHORST, J., concur.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.C.
[1] In his moving papers, defense counsel used both terms: "motion" and "petition." Defendant's motion was in effect a postjudgment motion to vacate, equivalent to a petition for the common law remedy of a writ of error coram nobis. (See People v. Castaneda (1995) 37 Cal.App.4th 1612, 1618, 44 Cal.Rptr.2d 666.)
[2] All future statutory references are to the Penal Code unless otherwise stated.
[3] The petition also alleged that previous counsel had rendered ineffective assistance of counsel, but the trial court did not get to this issue.
[4] The SVPA provides for the civil commitment of prisoners previously convicted of violent sexual offenses who have been diagnosed with a current mental disorder predisposing them to commit such crimes in the future. (See Welf. & Inst.Code, § 6600 et seq.)
[5] The Tahl form which defendant filled out contained a paragraph which states, "I could be committed to a treatment facility for an indefinite period, potentially for life." The court noted that on defendant's form, that paragraph was not initialed by defendant but was instead marked with an "X," indicating it did not apply to him.
[6] On June 4, 1999, this court granted the People's request for judicial notice of the petition for writ of mandate.
[7] Section 1238 provides in pertinent part: "(a) An appeal may be taken by the people from any of the following: [¶] ... [¶] (5) An order made after judgment, affecting the substantial rights of the people."
[8] The August 26, 1998, minute order also shows that sentence was imposed on August 26.
[9] A trial court may impose a sentence and stay execution of sentence for a short period to permit a defendant to put his personal affairs in order prior to commencement of the execution of the sentence. (See People v. Karaman, supra, 4 Cal.4th 335, 14 Cal.Rptr.2d 801, 842 P.2d 100; People v. Gooch (1995) 33 Cal.App.4th 1004, 39 Cal.Rptr.2d 518.) Defendant cites People v. Karaman to support his position that if sentence was imposed and was entered into the minutes, the trial court was without jurisdiction to increase it. However, our Supreme Court in Karaman found that "[u]nder the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced. [Citations.] ... If, however, the trial court `retains in itself the actual or constructive custody of the defendant and the execution of his sentence has not begun,' the court may vacate and modify the sentence. [Citation.]" (Karaman, supra, at p. 344, 14 Cal.Rptr.2d 801, 842 P.2d 100.) The court concluded that, although a valid sentence may not be increased after formal entry in the minutes, the trial court retains the power to mitigate the sentence prior to commencement of execution of that sentence, i.e., up until the defendant has been delivered to the appropriate official along with the commitment document. (Id., at pp. 348-350, 14 Cal.Rptr.2d 801, 842 P.2d 100.) Moreover, defendant's argument is pointless, since that issue is not before us. The trial court here did not exceed its jurisdiction.
[10] Specifically, the following colloquy occurred:

"The Court: Waive formal arraignment?
"[Defense Counsel]: So waived, your honor.
"The Court: Is there any legal cause [why judgment should not be pronounced], sir?
"[Defense Counsel]: There is no legal cause.
"The Court: It's the judgment and order of the Court that probation be denied...."
[11] Defendant argues at length that the trial court's actions are consistent with the rules articulated in People v. Cruz (1988) 44 Cal.3d 1247, 246 Cal.Rptr. 1, 752 P.2d 439 (Cruz). We agree. Defendant was given a Cruz waiver, but the Cruz waiver is inapplicable because defendant surrendered on September 9, 1998. Further, the Cruz line of cases is inapposite here because, unlike those cases where sentence was not imposed but put over to another date (i.e., People v. Jensen (1992) 4 Cal.App.4th 978, 6 Cal.Rptr.2d 201; People v. Casillas (1997) 60 Cal.App.4th 445, 70 Cal. Rptr.2d 290), sentence was imposed in this case.
[12] It is interesting to note that this same case, relied upon by the prosecutor, Kansas v. Hendricks (1997) 521 U.S. 346, 117 S.Ct. 2072, 138 L.Ed.2d 501, in which the high Supreme Court held Kansas' similar SVPA was civil, not criminal, and did not violate substantive due process, ex post facto, or double jeopardy prohibitions, was later heavily relied upon by our Supreme Court in Hubbart v. People (1999) 19 Cal.4th 1138, 1143, 1151, 1153-1 158, 1162-1166, 1171-1178, 81 Cal.Rptr.2d 492, 969 P.2d 584, to support its conclusion that California's SVPA is not a penal law. (See People v. Johannes (1999) 70 Cal.App.4th 558, 561, 82 Cal.Rptr.2d 852.)
[13] Defendant's writ of error coram nobis was also based on his former counsel's inadequate advice or failure to inform him of the potential civil consequences under the SVPA. "[T]he lack of counsel or effective aid of counsel are not properly raised by a petition for a writ of error coram nobis. [Citations.]" (People v. Sharp, supra, 157 Cal.App.2d 205, 208, 320 P.2d 589; see also People v. Goodrum (1991) 228 Cal.App.3d 397, 400, fn. 4, 279 Cal.Rptr. 120.)
[14] Also, unlike in People v. Wiedersperg, supra, 44 Cal.App.3d at p. 554, 118 Cal.Rptr. 755, the record here contains no declarations under penalty of perjury which satisfy the requirements for a petition for writ of coram nobis.
[15] A "sexually violent predator" is defined as "a person who has been convicted of a sexually violent offense against two or more victims for which he or she has received a determinate sentence and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." (Welf. & Inst. Code, § 6600, subd. (a).) Sexually violent offenses include violations of sections 288, subdivision (a) and 288a, if "committed by force, violence, duress, menace, or fear of immediate and unlawful bodily injury...." (Welf. & Inst.Code, § 6600, subd. (b).) "Predatory" is defined as "an act [which] is directed toward a stranger, a person of casual acquaintance with whom no substantial relationship exists, or an individual with whom a relationship has been established or promoted for the primary purpose of victimization." (Id., subd. (e).)
[**] See footnote *, ante.