Filed 12/24/13  P. v. Mendez CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SERGIO RIVERA MENDEZ,<br><br>    Defendant and Appellant. | A137084<br><br>(Napa County Super. Ct.<br>Nos. HC1629, CR101901) |

In 2001, Sergio Rivera Mendez pleaded no contest to charges arising from allegations of violence made by a woman with whom Mendez was involved in a sexual relationship.  In 2012, Mendez petitioned the trial court for a writ of error *corum nobis*, seeking to have the 2001 judgment vacated.  The trial court denied Mendez's petition, without a hearing, after concluding that the petition failed to make a prima facie showing of merit.  Mendez appeals from the denial of his petition, alleging that the court abused its discretion by denying his petition without a hearing.

We find no abuse of discretion by the trial court.  Because we conclude that Mendez failed to make a prima facie showing of merit for a writ of error *corum nobis*, we dismiss his appeal.

## BACKGROUND

### I. *Factual Background*

We summarize the facts as stated by Annie T., Mendez's accuser, at a preliminary hearing held on June 8, 2001.

Annie and Mendez had been in a sexual relationship for almost four years. On July 14, 2000, Mendez called Annie, who told him that she was going to a friend's party and hung up on him. Mendez then came to Annie's house and pushed Annie onto her bed, cutting her eye with his fingernail. Annie managed to leave the house, but Mendez caught her, dragged her over the cement, began to choke her, and told her she could not leave. On prior occasions, Mendez would hit Annie when she would "ask him if [she] could go out" or when she said she would leave him.

In June 2000, Mendez had slapped Annie "really hard" in a car, twisted her arm, and grabbed her by the neck to prevent her from screaming. Mendez then pushed her from the car, kicking her in the back and leaving a red mark.

On July 19 or 20, 2000, Mendez came into Annie's room and started choking her, asking if she planned to leave him. Annie screamed and her father came to the room. Mendez left and Annie, who had suffered a bruised neck, called 911.

## II. *Procedural Background*

On June 11, 2001, Mendez was charged with two counts of aggravated assault (Pen. Code, § 245, subd. (a)(1)), two counts of residential burglary (Pen. Code, § 459), one count of false imprisonment (Pen. Code, § 236), and one count of misdemeanor battery (Pen. Code, § 243, subd. (e)(1)). Pursuant to a negotiated plea, Mendez pleaded no contest to the two counts of aggravated assault and the count of false imprisonment. On November 21, 2001, the court sentenced Mendez to imprisonment for five years and eight months.

On May 6, 2004, Immigration and Customs Enforcement served Mendez with notice to appear at removal proceedings. On June 14, 2004, the immigration court ordered Mendez's removal to Mexico. Mendez reentered the United States in 2006.

On September 22, 2011, Mendez was indicted in federal court on the charge that he illegally reentered the United States after deportation, in violation of Title 8, United States Code section 1326.

On June 18, 2012, Mendez filed a petition to vacate his 2001 conviction via two mechanisms: a writ of error *coram nobis*, based on alleged new evidence concerning

2

Annie's mental health; and a writ of habeas corpus, based on failure to advise him of immigration consequences and ineffective assistance of counsel. On September 18, 2012, the trial court denied Mendez's petition without a hearing. Mendez filed a notice of appeal on October 25, 2012, and the trial court granted a certificate of probable cause on November 7, 2012. On April 15, 2013, we granted Mendez's motion for an order deeming his notice of appeal timely.

### III. *Documents Supporting Mendez's Petition*

The gist of Mendez's argument in his petition for writ of error *coram nobis* is that Annie fabricated her accusations against him due to an underlying mental illness. He argues that had the court been aware of Annie's mental condition at the preliminary hearing, the case against him would not have proceeded.

In support of his petition, Mendez submitted the report of Dr. Patrick O'Reilly, a clinical psychologist who had reviewed records related to Mendez's case and to a 2003 case in which Annie made similar accusations against a man with whom she had a relationship. O'Reilly's report stated: "Although it is impossible and unethical to diagnose someone with this disorder (or any other) without a clinical interview and an opportunity to review any mental health records he or she may have, it is my considered professional opinion, to a high degree of clinical certainty, that there are substantial indications that [Annie's] pattern of behavior, as reflected in the records of the two cases, implicates six of the nine categories specified in the diagnostic criteria for Borderline Personality Disorder."

### IV. *The Denial of Mendez's Petition*

The trial court's order denying Mendez's petition for writ of error *coram nobis* stated: "The court will not detail the particulars of the evidence relied on by Dr. O'Reilly, but it has reviewed Dr. O'Reilly's letter and all of the attachments to that letter and to the petition, and finds that petitioner has not established a prima facie case to support the requested relief. As Dr. O'Reilly concedes in his letter, 'it is impossible and unethical to diagnose someone with [borderline personality] disorder without a clinical interview and an opportunity to review any mental health records he or she may

have. . . .' Nevertheless, Dr. O'Reilly offers his opinion that the subject accuser suffers from six of the nine categories specified in the diagnostic criteria for the disorder. The court simply does not accept as probative this near-diagnosis based upon a review of various records prepared by others and reflecting their opinions, but without a clinical interview of the subject or a review of her medical records. No compelling evidence has been presented to establish the accuser's mental state during the relevant time period."

## DISCUSSION

Mendez alleges error only with regard to the denial of his petition for writ of error *coram nobis* and not with regard to the denial of his petition for writ of habeas corpus. He argues that he successfully made a prima facie showing of merit in his petition and that the court abused its discretion by denying the petition without an evidentiary hearing.

### I. *Legal Standard*

"The seminal case setting forth the modern requirements for obtaining a writ of error *coram nobis* is *People v. Shipman* (1965) 62 Cal.2d 226 . . . . There we stated: 'The writ of [error] *coram nobis* is granted only when three requirements are met. (1) Petitioner must "show that some fact existed which, without any fault or negligence on his part, was not presented to the court at the trial on the merits, and which if presented would have prevented the rendition of the judgment." [Citations.] (2) Petitioner must also show that the "newly discovered evidence . . . [does not go] to the merits of issues tried; issues of fact, once adjudicated, even though incorrectly, cannot be reopened except on motion for new trial." [Citations.] This second requirement applies even though the evidence in question is not discovered until after the time for moving for a new trial has elapsed or the motion has been denied. [Citations.] (3) Petitioner "must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ. . . ." ' [Citation.] These factors set forth in *Shipman* continue to outline the modern limits of the writ." (*People v. Kim* (2009) 45 Cal.4th 1078, 1092-1093.) "[T]he allegedly new fact must have been unknown and must have been in existence at the time of the judgment." (*Id.* at p. 1093.)

4

We review the denial of a petition for a writ of error *coram nobis* "under the standard of abuse of discretion." (*People v. Ibanez* (1999) 76 Cal.App.4th 537, 544.)

## II. *Mendez Failed to Make a Prima Facie Showing of Merit*

The "new fact" that Mendez argued would justify his petition for writ of error *coram nobis* was that Annie suffered from borderline personality disorder. The trial court determined that Mendez had failed to make an adequate showing of the existence of this fact because O'Reilly's opinion concerning Annie's mental health was, by his own admission, not based on an interview with Annie and a review of her mental health records. We discern no abuse of discretion in the court's determination.

The record demonstrates an additional ground for rejecting the O'Reilly report as a prima facie showing of merit for Mendez's petition. The new fact justifying a writ of error *coram nobis* must have been in existence at the time of the judgment, which in this case was November 21, 2001. Even if we were to accept O'Reilly's opinion that Annie suffered from borderline personality disorder, he *did not* opine that she suffered from that disorder prior to November 21, 2001. Moreover, O'Reilly *could not* offer such an opinion because more than half of the documents upon which he relied in reaching his opinion bore dates, and related to events, after November 21, 2001. Mendez's report relied, to a large extent, on the documents related to events that occurred after the relevant date. Thus, even reviewing the record independently, we conclude that Mendez failed to make a prima facie showing of merit.

"In an appeal from a trial court's denial of an application for the writ of error *coram nobis*, a reviewing court initially determines whether defendant has made a prima facie showing of merit; if not, the court may summarily dismiss the appeal." (*People v. Totari* (2002) 28 Cal.4th 876, 885, fn. 4; see also *People v. Gallardo* (2000) 77 Cal.App.4th 971, 980-981 [order denying a petition for writ of *coram nobis* is not appealable absent showing petition stated a prima facie case for relief].) Accordingly, we dismiss Mendez's appeal.

### DISPOSITION

The appeal is dismissed.

_____
Brick, J.*

We concur:


_____
Kline, P.J.


_____
Richman, J.


*People v. Mendez* (A137084)


    \* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.