Filed 5/19/16  P. v. Stec CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>PAUL A. STEC,<br><br>  Defendant and Appellant. | B262357<br><br>  (Los Angeles County Super. Ct.<br>   No. GA088950) |

APPEAL from an order of the Superior Court of Los Angeles County, Jared D. Moses, Judge.  Affirmed.

Margolin & Lawrence, Allison B. Margolin, J. Raza Lawrence, Patrick T. Brooks, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, and Steven D. Matthews, Supervising Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant and appellant Paul Antonio Stec appeals from a December 8, 2014 order denying his petition for writ of error *coram nobis*. Defendant contends the court erred in denying his petition, which sought to withdraw a plea of no contest on the grounds that his plea was premised on a mistake of fact regarding his eligibility for deferred entry of judgment. We affirm the trial court's order because the mistake defendant relies on was a mistake of law, not a mistake of fact.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 28, 2014, after being advised of his rights and the consequences of a plea, defendant pleaded no contest[1] to the following counts: (1) felony possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)); (2) carrying a concealed firearm in a vehicle, a misdemeanor (Pen. Code, § 25400, subd. (a)(1));[2] (3) carrying a loaded firearm in a vehicle in a city, a misdemeanor (§ 25850, subd. (a)); and (4) driving when privilege suspended or revoked, a misdemeanor (Veh. Code, §14601.1, subd. (a)). The court convicted defendant of all four counts, suspended imposition of sentence, and placed appellant on three years of formal probation, including ninety days of community service. About six months later, the court revoked defendant's probation and issued a no-bail bench warrant. Defendant appeared with private counsel at a hearing on September 22, 2014, and the court set the matter for a probation violation hearing. Defendant had two open felony cases in Burbank.

Defendant filed a motion to set aside the judgment and withdraw his plea on a

---

[1] At two prior hearings, the court denied a motion to dismiss pursuant to Penal Code section 995 and a motion to suppress evidence under Penal Code section 1538.5.

[2] All statutory references are to the Penal Code unless otherwise indicated.

petition for writ of error *coram nobis*.[3]  The court denied defendant's petition after a hearing on December 8, 2014.  Defendant filed a timely appeal.

## DISCUSSION

We review a denial of a petition for writ of error *coram nobis* under the abuse of discretion standard.  (*People v. Kim* (2009) 45 Cal.4th 1078, 1095 (*Kim*).)  A petitioner seeking *coram nobis* relief bears a heavy burden in overcoming the presumption of the regularity of the judgment.  (*Mendez v. Superior Court* (2001) 87 Cal.App.4th 791, 799 (*Mendez*).)  "The writ's purpose 'is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court.'  [Citation.]"  (*Kim*, *supra*, 45 Cal.4th at p. 1091.)

In seeking a writ of error *coram nobis* from the trial court, a defendant must demonstrate three things:  (1) through no fault or negligence of his own, some fact was not presented at the trial which, if presented, would have prevented the rendition of judgment; (2) the fact does not go to the merits of the issues tried; and (3) the fact was not known and could not, in the exercise of due diligence, have been discovered substantially earlier than the time of the petition.  (*Kim, supra*, 45 Cal.4th at p. 1093; *People v. Shipman* (1965) 62 Cal.2d 226, 230.)  "[T]he writ of error *coram nobis* is unavailable when a litigant has some other remedy at law.  'A writ of [error] *coram nobis* is not available where the defendant had a remedy by (a) appeal or (b) motion for a new trial and failed to avail himself of such remedies.'  (*People v. Blalock* (1960) 53 Cal.2d

---

[3] Defendant also filed a petition under Proposition 47, the Safe Neighborhoods and Schools Act (§ 1170.18), to reduce his felony drug possession conviction to a misdemeanor.  On November 13, 2014, the court reduced defendant's felony conviction to a misdemeanor, defendant admitted to the probation violation, and the court sentenced defendant to 365 days in jail, with 121 days of custody credits.

798, 801; see *People v. Howard* (1965) 62 Cal.2d 237, 238 [claims could have been raised on direct appeal]; *People v. Adamson* [(1949)] 34 Cal.2d [320,] 327 [claims should have been raised in a petition for a writ of habeas corpus].)" (*Kim, supra*, 45 Cal.4th at 1093–1094.) Examples of when a *coram nobis* writ has issued include "[w]here the defendant was insane at the time of trial and this fact was unknown to court and counsel [citations]. Where the defendant was an infant and appeared by attorney without the appointment of a guardian or guardian ad litem [citations]. . . . Where the defendant was dead at the time judgment was rendered [citations]. . . .' (*People v. Reid* [(1924)] 195 Cal. [249,] 258–259.)" (*Kim*, *supra*, 45 Cal.4th at p. 1094.)

Defendant contends his plea and conviction were based on a "mistake of fact and ignorance of the law through no fault of his own" because no one—not the trial judge, not the prosecutor, not his own defense counsel—informed him he was eligible for deferred entry of judgment under section 1000, subdivision (a), even though he met the statutory criteria for eligibility.

Defendant argues the trial court should have granted his petition for writ of error *coram nobis* because he had demonstrated he met the criteria for a motion to vacate a guilty plea under section 1018. Under that section, defendant could withdraw a guilty plea for "good cause" up to six months after his conviction. To demonstrate good cause, a defendant must show by clear and convincing evidence that he "was operating under mistake, ignorance, or any other factor overcoming the exercise of his or her free judgment, including inadvertence, fraud, or duress." (*People v. Breslin* (2012) 205 Cal.App.4th 1409, 1416.) Although a trial court may consider a non-statutory motion to vacate as a petition for writ of error *coram nobis* (*People v. Castaneda* (1995) 37 Cal.App.4th 1612, 1618), the criteria for granting relief under section 1018 do not replace the requirements for *coram nobis* relief, and defendant has not met those requirements.

The court's decision to deny defendant's petition was warranted for two reasons. First, defendant did not demonstrate "that facts existed at the time of his plea that satisfy the strict requirements for this extraordinary type of collateral relief from a final judgment." (*Kim*, *supra*, 45 Cal.4th at p. 1101–1102.) He did not, and cannot, show

4

"""that *some fact* existed which, without any fault or negligence on his part, *was not presented to the court* at the trial on the merits, and *which if presented would have prevented the rendition of the judgment*."'" [Citation.]" (*Kim*, *supra*, 45 Cal.4th at p. 1101-1102, italics added.) Any mistake regarding defendant's eligibility for deferred entry of judgment was a mistake of law, not a mistake of fact. In *People v. Ibanez* (1999) 76 Cal.App.4th 537, a defendant was not entitled to *coram nobis* relief where he entered a guilty plea without being advised of the possibility of civil commitment under Welfare and Institutions Code, section 6600 et seq. (the Sexually Violent Predators Act). But *coram nobis* relief could not be granted because "'[t]he writ lies to correct only errors of fact as distinguished from errors of law. [Citation.]' [Citation.]" (*People v. Ibanez*, *supra*, 76 Cal.App.4th. at p. 545.) The court reasoned that defendant's ignorance of the potential consequences of his plea was an error of law, not a mistake of fact. (*Id*. at p. 547.) In the case before us, defendant relies upon an error of law to seek *coram nobis* relief. The facts were known to all, but the court, the prosecutor, and the defendant were mistaken about the legal effect of those known facts. Statutory or writ relief is "'not available where a defendant voluntarily and with knowledge of the facts pleaded guilty or admitted alleged prior convictions because of ignorance or mistake as to the legal effect of those facts.' [Citation.]" (*Kim, supra*, 45 Cal.4th at p. 1093.)

Second, defendant is barred from seeking relief due to his failure to pursue available legal remedies. Defendant did not appeal his conviction or seek to withdraw his plea within the time frame set forth in section 1018. The statute governing deferred entry of judgment establishes appeal as the "sole remedy" for a defendant who is found to be ineligible. (§ 1000, subd. (b); *Butler v. Superior Court* (1998) 63 Cal.App.4th 64, 69.) *Coram nobis* is not a substitute for a failure to seek alternate forms of relief. (*Kim, supra,* 45 Cal.4th at pp. 1093–1094.) The petition for writ of error *coram nobis* was properly denied.

**DISPOSITION**

The order denying defendant's petition for writ of error *coram nobis* is affirmed.



KRIEGLER, Acting P. J.

We concur:


BAKER, J.


RAPHAEL, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.