Filed 11/30/22  P. v. Hendrix CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MARCELL HENDRIX,<br><br>        Defendant and Appellant. | A165075<br><br><br>(City & County of San Francisco Super. Ct. Nos. 7601, 182163) |

Marcell Hendrix appeals from an order denying his petition for a writ of error *coram nobis*.  His attorney has filed a brief seeking our independent review of the appellate record, pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), to determine whether there is any arguable issue on appeal. We find no arguable issue and affirm.

## I.  FACTS AND PROCEDURAL HISTORY

Hendrix filed a pro se "Petition for Writ of Error Coram Nobis" on January 27, 2022, challenging his conviction in superior court case number 182163.  He asserted that the trial court lacked jurisdiction to accept his plea or sentence him because it had ordered a mental health report pursuant to Penal Code section 457 and no report had been generated and no psychiatric evaluation had taken place.  (See Pen. Code, § 457 ["Upon conviction of any person for a violation of any provision of this chapter [arson], the court may order that such person, for the purpose of sentencing, submit to a psychiatric

1

or psychological examination"].) He further asserted that he had pleaded guilty to the wrong crime, was innocent of the crime of arson, and had been "diagnosed with bipolar, depression, schizophrenia paranoid type." Attached to the petition was a declaration by the sister of the owner of the home that Hendrix was accused of burning, who opined that Hendrix was innocent of arson because he told her so and she believed him.

The court denied the petition by written order filed on March 25, 2022. The court explained that "[t]he purpose of the writ of error coram nobis 'is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court.'" (Quoting *People v. Kim* (2009) 45 Cal.4th 1078, 1091.) The court noted: "A petition for a writ of error coram nobis should be made within a reasonable time. (*People v. Martinez* (1948) 88 Cal.App.2d 767, 773 . . . .)"; and "[a] petitioner must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ."

The court observed that Hendrix pleaded guilty to arson (Pen. Code, § 451, subd. (b)) and was sentenced in July 2001. Hendrix did not file a petition for a writ of error *coram nobis* until July 2020, and that petition was identical to the subject petition that he filed in January 2022. Accordingly, the January 2022 petition was procedurally barred as untimely, repetitive, and successive. (Citing, e.g., *People v. Martinez, supra*, 88 Cal.App.2d at p. 773; *People v. Kim, supra*, 45 Cal.4th at p. 1101.) In addition, the court found, the petition failed to state a prima facie case for relief.

2

Hendrix filed a notice of appeal.  (See *People v. Ibanez* (1999) 76 Cal.App.4th 537, 544 [order granting petition for writ of error *coram nobis* is appealable as an order after judgment].)

## II.  DISCUSSION

In a declaration accompanying the opening brief in this appeal, defendant's appellate attorney represented that he advised defendant in writing of the filing of a *Wende* brief and "twice advised [defendant] of his right to file a supplemental brief in this case raising any issues which he chooses to call to the court's attention."

Hendrix requested an extension of the time to file a supplemental brief to September 1, 2022, which we granted.  Hendrix requested an additional extension to October 1, 2022, which we granted.  Hendrix requested an additional extension to November 15, 2022, which we granted.  In our October 14, 2022 order granting that extension, we informed Hendrix:  "The court will not grant any further extensions."  The deadline of November 15, 2022, passed.  On November 18, 2022, he informed this court that a supplemental brief would be mailed on November 20, 2022, thereby confirming it was not mailed by the deadline.  We have not received a supplemental brief from Hendrix, and if we did, it would be untimely.

There is a split of authority as to whether this court has an independent duty to review the record for arguable issues where the defendant appeals from a postconviction order.  (E.g., *People v. Gallo* (2020) 57 Cal.App.5th 594; *People v. Scott* (2020) 58 Cal.App.5th 1127, review granted Mar. 17, 2021, S266853.)  In light of the pendency of the issue before our Supreme Court, and assuming only arguendo that there is such a duty, we have conducted an independent review of the record.

We find no arguable issue on appeal.

### III. DISPOSITION

The order is affirmed.

_____

Wiseman, J.*

WE CONCUR:


_____

Jackson, P. J.


_____

Burns, J.


A165075/*People v. Marcell Hendrix*

_____

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.