[No. B229701. Second Dist., Div. Four. Mar. 24, 2011.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
RONALD BRIM, Real Party in Interest.

## Counsel

Steve Cooley, District Attorney, Phyllis Asayama and Gilbert S. Wright, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Geoffrey R. Pope for Real Party in Interest.

OPINION

**EPSTEIN, P. J.**—The People petition for a writ of mandate to vacate the trial court's October 28, 2010 order granting Ronald Brim's motion for a separate penalty jury in a capital murder case. The People contend the trial court abused its discretion under Penal Code section 190.4, subdivision (c). We agree and grant the petition, directing the trial court to vacate its order and issue a new order denying Brim's motion.

## FACTUAL AND PROCEDURAL SUMMARY

Brim and his codefendant Richard Roberson were jointly charged with committing two murders and three attempted murders on September 23, 2008, during a gang-related shooting at the Compton Blue Line train station. Brim was charged separately with being a felon in possession of a firearm. The People are seeking the death penalty for Brim. Brim moved for separate guilt and penalty trials or the empanelment of separate juries in order to voir dire prospective jurors in the guilt and penalty phases differently. On October 28, 2010, the trial court granted the motion for a separate penalty jury not for the reasons advanced by Brim, but because it would take the defense more than a year to investigate 17 alleged prior incidents in aggravation. The People filed a petition for a writ of mandate on December 27, 2010. We issued an alternative writ of mandate, directing the trial court to either vacate its order granting Brim's motion for a separate penalty jury and issue a new order denying the motion or show cause why a peremptory writ of mandate should not issue. Brim filed a return.

## DISCUSSION

The trial court's ruling on a motion to empanel a separate jury in a penalty phase of a capital case is reviewed for abuse of discretion. (*People v. Bennett* (2009) 45 Cal.4th 577, 599 [88 Cal.Rptr.3d 131, 199 P.3d 535].) Failure to follow the applicable law is an abuse of discretion. (*People v. Ibanez* (1999) 76 Cal.App.4th 537, 549 [90 Cal.Rptr.2d 536].)

Penal Code[1] section 190.4, subdivision (c) provides: "If the trier of fact which convicted the defendant of a crime for which he may be subject to the death penalty was a jury, the same jury shall consider . . . the penalty to be applied, unless for good cause shown the court discharges that jury in which case a new jury shall be drawn. The court shall state facts in support of the finding of good cause upon the record and cause them to be entered into the minutes." This statute expresses a clear legislative intent that the same

---

[1] All subsequent statutory references are to the Penal Code.

jury should try both the guilt and penalty phases of a capital case. (*People v. Beardslee* (1991) 53 Cal.3d 68, 102 [279 Cal.Rptr. 276, 806 P.2d 1311].) It protects the prosecution and the defense against being deprived of the benefits of a single jury absent both parties' pretrial agreement that the court empanel separate juries and the court's implementation of the agreement for good cause shown. (*Id.* at pp. 101–102.) No such agreement exists in this case.

Good cause under section 190.4, subdivision (c) has been construed to require facts in the record showing that the jury is unable to perform its function. (See *People v. Earp* (1999) 20 Cal.4th 826, 891 [85 Cal.Rptr.2d 857, 978 P.2d 15], citing *People v. Bradford* (1997) 15 Cal.4th 1229, 1354 [65 Cal.Rptr.2d 145, 939 P.2d 259].) Thus, a delay of the penalty phase does not constitute good cause because it does not by itself impair the jury's ability to perform its function. (*People v. Taylor* (2001) 26 Cal.4th 1155, 1170 [113 Cal.Rptr.2d 827, 34 P.3d 937].) Nor does the defense's desire to voir dire differently for the guilt and penalty phases, or its claim that death-qualified jurors are more likely to convict a defendant, constitute good cause for empanelling separate guilt and penalty phase juries. (See *People v. Catlin* (2001) 26 Cal.4th 81, 115 [109 Cal.Rptr.2d 31, 26 P.3d 357]; *People v. Davis* (2009) 46 Cal.4th 539, 626 [94 Cal.Rptr.3d 322, 208 P.3d 78].)

Here, Brim's motion under section 190.4, subdivision (c) was premised on his counsel's desire to voir dire jurors differently in the guilt and penalty phases. The trial court acknowledged that the motion could not be granted on this ground under existing case law. But it found justification on other grounds: that the defense would require more than a year to prepare for trial due to the large number of alleged prior incidents in aggravation, that this delay would prejudice Brim's codefendant, and that severing the two defendant's trials would not be in the interest of judicial economy. The court stated that it was "not at all concerned about this court's ability to have a fair jury decide both a guilt and penalty phase." By the court's own express acknowledgment, none of the grounds on which the motion was granted had anything to do with the standard under section 190.4, subdivision (c)—namely, the jury's inability to perform its function. Unmoored as it was from the applicable standard for good cause, the court abused its discretion in granting the motion for a separate penalty jury.

██ Brim argues that the court's decision was an attempt to balance the requirements of section 190.4, subdivision (c) with those of sections 1050, subdivision (a) and 1050.1. Section 1050 sets out the procedure for granting continuances in criminal cases. Section 1050.1 expresses a preference for joint trials of jointly charged defendants. On good cause to continue one defendant's trial, it allows the continuance of a codefendant's trial. (See

*People v. Sutton* (2010) 48 Cal.4th 533, 558–559 [106 Cal.Rptr.3d 883, 227 P.3d 437].) Section 1050.1 also allows for severance of joint trials if it would be impossible for all defendants to be ready for trial within a reasonable time. Here, after the court advised the parties that it would grant Brim's motion for a separate penalty jury, both defendants waived their right to a speedy trial until 45 days after February 10, 2011. We recognize the court was trying to craft a solution that is fair to both defendants and the prosecution. But neither defendant had moved for a continuance, and sections 1050 and 1050.1 will come into play in the event such a motion is presented. They need not have factored into the court's decision on Brim's motion for a separate penalty jury under section 190.4, subdivision (c). Nor are the interests protected in sections 1050 and 1050.1 relevant to the decision to empanel a separate penalty jury without a showing on the record that a single jury would be unable to perform its function.

## DISPOSITION

Let a peremptory writ of mandate issue directing the trial court to vacate its order of October 28, 2010, granting Brim's motion for a separate penalty jury, and to deny the motion.

Willhite, J., and Suzukawa, J., concurred.