Filed 10/22/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| BLUEBERRY PROPERTIES, LLC, | B254259 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC473469) |
| v. | |
| ESTHER KHOE CHOW, | |
| Defendant and Appellant. | |

APPEAL from order of the Superior Court of Los Angeles County, Frederick C. Shaller, Judge. Affirmed.

Esther Khoe Chow, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

**INTRODUCTION**

Defendant Esther Khoe Chow appeals the trial court's post-judgment order appointing the clerk of the court as an elisor to execute an escrow agreement on behalf of Chow. Chow had entered into a settlement agreement to sell her property to Plaintiff Blueberry Properties, LLC (Blueberry). When Chow refused to consummate the sale to Blueberry, the court entered judgment pursuant to the terms of the settlement agreement under Code of Civil Procedure section[1] 664.6, ordering Chow to complete the sale. At Blueberry's request, the court issued an order appointing an elisor to effect sale of the property. We affirm the trial court's order because it was proper under section 128, subdivision (a)(4), which empowers the court to compel obedience to its judgments.

**FACTS AND PROCEDURAL BACKGROUND**

In June 2011, Chow entered into an agreement to sell her apartment complex located at 1242 Lilac Place, Los Angeles, California. However, Chow refused to complete the sale and returned the money Blueberry had placed in escrow for the property. Blueberry brought the present action for specific performance to enforce the purchase agreement. In July 2012, the parties entered into a settlement, where Chow agreed to sell the property to Blueberry in accordance with the terms of their original purchase agreement. Chow failed to comply with the settlement agreement by withholding her signature from documents necessary to reopen and complete the sale of the property.

In April 2013, the trial court entered a judgment pursuant to section 664.6 in favor of Blueberry against Chow, setting forth the terms of their settlement agreement. It stated that "Esther Chow [is] ordered to do all things necessary and to execute all documents necessary to consummate the sale by Defendant, Esther Chow to Plaintiff, BLUEBERRY PROPERTIES, LLC, A California Limited Liability Company of the real property located at 1242 Lilac Place, Los Angeles, California." The judgment further provided that "Esther Chow shall do all things necessary and execute all documents necessary to

---

[1] All subsequent references are to the Code of Civil Procedure.

perform the terms of the Purchase Agreement," "to perform the terms of all escrow documents previously executed by both parties," and "to perform the terms of the Settlement Agreement."

Chow subsequently refused to execute escrow documents to complete the sale of the property. Blueberry applied for an order appointing the clerk of the court as an elisor to execute the escrow documents on behalf of Chow, which the trial court granted. Chow now appeals this post-judgment order.

## DISCUSSION

" 'Where, as here, the trial court is vested with discretionary powers, we review its ruling for an abuse of discretion. [Citation.]' " (*In re Marriage of Geraci* (2006) 144 Cal.App.4th 1278, 1286; see *Santandrea v. Siltec Corp.* (1976) 56 Cal.App.3d 525, 530 ["The exercise of the court's inherent power to provide for the orderly conduct of the court's business is a matter vested in the sound legal discretion of the trial court. Such a decision is subject to reversal only where there has been an abuse of that discretion."] disapproved on another point in *Bauguess v. Paine* (1978) 22 Cal.3d 626, 639.) "An abuse of discretion occurs only where it is shown that the trial court exceeded the bounds of reason. [Citation.] It is a deferential standard of review that requires us to uphold the trial court's determination, even if we disagree with it, so long as it is reasonable. [Citation.]" (*Stull v. Sparrow* (2001) 92 Cal.App.4th 860, 864.)

On appeal, Chow asserts that the CEO of Blueberry properties forged a check and committed fraud. It is unclear how this is relevant to the post-judgment order at issue on appeal. Notably, Chow did not pursue an appeal with regard to the court's section 664.6 judgment made in favor of Blueberry and against Chow, which provided the terms of their settlement agreement. At this point, any appeal as to that judgment would be untimely. We therefore review only the post-judgment order appointing the clerk of the court as an elisor to sign the escrow documents on behalf of Chow, which Chow identifies as the subject of her appeal in her notice of appeal.

At issue here is the court's authority and reasonableness in issuing the order appointing the elisor. As used in the case at bar, consistent with its common legal meaning, an elisor is a person appointed by the court to perform functions like the execution of a deed or document. (*Rayan v. Dykeman* (1990) 224 Cal.App.3d 1629, 1635, fn. 2 (*Rayan*).) A court typically appoints an elisor to sign documents on behalf of a recalcitrant party in order to effectuate its judgments or orders, where the party refuses to execute such documents. (See *Ibid*.) We note that under Code of Civil Procedure section 262.8, "elisor" specifically means a person designated by the court to execute process or orders in an action or proceeding involving the sheriff and/or coroner. The Code of Civil Procedure's use of the term is not at issue in this case.

Courts use elisors in matters like this one to enforce their orders. Under section 128, subdivision (a)(4), "[e]very court shall have the power . . . . [¶] . . . [¶] [t]o compel obedience to its judgments, orders, and process, and to the orders of a judge out of court, in an action or proceeding pending therein." This statute has codified the principle of "[t]he inherent power of the trial court to exercise reasonable control over litigation before it, as well as the inherent and equitable power to achieve justice and prevent misuse of processes lawfully issued . . . ." (*Venice Canals Resident Home Owners Assn. v. Superior Court* (1977) 72 Cal.App.3d 675, 679.)

Here, Chow entered into a settlement agreement where she agreed to transfer her property to Blueberry. The trial court entered judgment against Chow in accordance with section 664.6, which allows the court to enter judgment pursuant to the terms of a signed settlement agreement. The judgment clearly stated that Chow must execute all documents to complete the sale, including those associated with escrow. Chow thereafter failed to comply with the court's judgment and the settlement agreement by refusing to execute escrow documents. By appointing the clerk as an elisor to execute the documents on Chow's behalf, the trial court properly exercised its power under section 128, subdivision (a)(4) to enforce its judgment.

4

In *Rayan, supra,* 224 Cal.App.3d at p. 1635, the Court of Appeal affirmed the similar appointment of an elisor to sign the plaintiff's name to all documents necessary for a property transfer. There, the trial court issued an order incorporating a stipulation by the parties that the plaintiff would execute a quitclaim deed to the property transferring title to the defendant, yet the plaintiff refused to sign the documents. Citing section 128, subdivision (a)(4), the Court of Appeal explained that, "[a]s to the appointment of [an] elisor, to compel obedience to its orders the court is authorized to make such an appointment. [Citations.]" (*Rayan*, at p. 1635, fn. omitted.)

Like in *Rayan*, the trial court here was authorized under section 128, subdivision (a)(4) to appoint an elisor to enforce its judgment. The appointment does not exceed the bounds of reason because the trial court is simply enforcing its valid judgment, which requires Chow to transfer the property to Blueberry. As Chow provides us no valid basis for reversing the order and we conclude that the trial court did not abuse its discretion in issuing the order, we affirm the court's post-judgment order appointing the clerk of court as an elisor to execute the escrow documents on Chow's behalf.

5

## DISPOSITION

The judgment is affirmed.  We award no costs on appeal as Respondent Blueberry Properties, LLC failed to appear.


**CERTIFIED FOR PUBLICATION**



KITCHING, J.

We concur:



KLEIN, P. J.



EDMON, J.[*]

---

[*]     Associate Justice of the Court of Appeal, Second Appellate District, Division Three, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.