Filed 10/19/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Appellant,<br><br>v.<br><br>GAVIN MICHAEL HAHN,<br><br>   Defendant and Respondent. | 2d Crim. No. B279344<br>(Super. Ct. No. 2010006420)<br>(Ventura County) |

In 2010, Gavin Michael Hahn was charged with possession of a controlled substance. (Health & Saf. Code, § 11377, subd. (a).) Six years and 22 appearances later, the trial court terminated Hahn's probation and ordered him to serve 120 days in jail. Even though Hahn had failed to appear at seven prior mandatory hearings, the court granted his request to report at a later date to serve his jail term. Once again, Hahn failed to appear. Following his arrest, the court determined it lacked jurisdiction to order Hahn to serve the 120-day sentence. The People appeal. We reverse with directions to order the sentence executed.

## PROCEDURAL BACKGROUND

In 2010, Hahn pled guilty to felony possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and was placed on deferred entry of judgment for 24 months. Two years later, deferred entry of judgment was revoked and Hahn was placed on formal probation for a period of 36 months.

On April 14, 2015, the trial court granted Hahn's petition for resentencing pursuant to Penal Code section 1170.1 and reduced his conviction to a misdemeanor. On the same day, Hahn admitted a violation of probation. The court terminated Hahn's probation as unsuccessful and ordered him to serve 120 days in jail. At Hahn's request, and notwithstanding his history of failing to appear at scheduled hearings, the court permitted him to be screened for work furlough and to report on May 4, 2015, to serve his jail term.

In addition, Hahn pled guilty in another case to misdemeanor possession of methamphetamine. (Health & Saf. Code, § 11377, subd. (a).) The trial court sentenced Hahn to 120 days in jail, to be served concurrently with the 120 days ordered in this case.

Having sought and received the trial court's consideration in the hope that he would reform his behavior, Hahn once again failed to comply with the court's orders. He did not report to serve his stayed jail term. On July 27, 2016, Hahn was arrested on a warrant and brought to court. Hahn objected when the court instructed him to serve the time previously ordered. He claimed that because probation had been terminated, the court was without power to remand him and order that he serve his jail time. The court agreed, deleted the jail time and discharged him from custody. The court stated:

"[Hahn's] probations were terminated in court on April [14, 2015]. He failed to appear or failed to remand in May. The Court has no jurisdiction. He is discharged on both cases."

DISCUSSION

When the trial court terminated probation and ordered Hahn to serve 120 days in jail, it stayed execution of the sentence to allow Hahn time to be screened for work furlough. As the People point out, "The court does not lose jurisdiction while a stay is in effect, even where the sentence has been entered in the minutes." (*People v. Gooch* (1995) 33 Cal.App.4th 1004, 1007.) Because "the execution of a judgment of conviction is the process of carrying the judgment into effect" (*People v. Karaman* (1992) 4 Cal.4th 335, 344), a temporary stay of that execution does not deprive the court of the ability to enforce the judgment.

Code of Civil Procedure section 128, subdivision (a)(4) is instructive.[1] It provides that every court shall have the power to "'compel obedience to its judgments, orders, and process.'" "This statute has codified the principle of '[t]he inherent power of the trial court to exercise reasonable control over litigation before it, as well as the inherent and equitable power to achieve justice and prevent misuse of processes lawfully issued . . . .' [Citation.]" (*Blueberry Properties, LLC v. Chow* (2014) 230 Cal.App.4th 1017, 1021; see Code Civ. Proc., § 177, subd. (2) [a judge has the power "[t]o compel obedience to his [or her] lawful orders"].) To carry

---

[1] Code of Civil Procedure section 128 has been applied to criminal as well as civil cases. (See *People v. Superior Court* (*Greer*) (1977) 19 Cal.3d 255, 261, fn. 4, superseded by statute on other grounds as stated in *Stark v. Superior Court* (2011) 52 Cal.4th 368, 416.)

3

out this judicial power, "any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code." (Code Civ. Proc., § 187.)[2]

Here, the trial court believed it had no power to enforce the sentence because probation had terminated. The termination of probation, however, did not affect the court's power to enforce its lawful orders. That Hahn was not on probation is irrelevant. The jail sentence was not imposed as a term of probation, and the court was not asked to adjudge him to be in violation of probation or to create or modify a probation term. (See *In re Bakke* (1986) 42 Cal.3d 84, 89 [generally "a probation order may be revoked or modified only during the period of probation"].) The court was only asked to enforce a prior lawful sentencing order. Hahn should have been required to serve the 120-day sentence.

As stated in *In re Clark* (1925) 70 Cal.App. 643, 647, "'It would be strange if, under such circumstances, the [trial] court had no power to enforce the sentence.'" If that were the case, the court, "'after having, at [Hahn's] request, stayed proceedings . . . would be powerless to carry the judgment into effect. The law does not contemplate any such absurdity.'" (*Ibid.*)

Indeed, if we were to uphold the trial court's decision, then a court may never grant a defendant's request for a later remand date without (1) imposing the additional burden of retaining the defendant on probation or (2) creating an

---

[2] Code of Civil Procedure section 187 also applies to criminal cases. (*People v. Walker* (1948) 33 Cal.2d 250, 265-266; *People v. Hyde* (1975) 49 Cal.App.97, 101; *People v. Palermo Land and Water Co.* (1907) 4 Cal.App. 717, 722.)

4

unenforceable order. As the People explain, "Returning a recalcitrant defendant to probation yields no beneficial outcomes. The defendant is subjected to additional terms, disobedience to which will result in further violations and penalties. Court resources will be tasked with reviewing the defendant's performance and adjudicating violations. The other alternative, unenforceable orders, fosters gamesmanship and disrespect for judicial orders." We agree that neither of these options serves the interests of justice.

We also conclude that Hahn waived the right to object to the trial court's enforcement of the 120-day jail term given that he requested that the sentence be stayed until May 4, 2015, and then failed to appear as scheduled. Hahn's case is similar to *People v. Ham* (1975) 44 Cal.App.3d 288, 294, in which a probationer who appeared for a probation revocation hearing requested a continuance to a date beyond the expiration of the probation period. The Court of Appeal determined the trial court retained the power to conduct the hearing and to revoke probation as the probationer was estopped to complain that the period had expired. (*Ibid*; accord *In re Griffin* (1967) 67 Cal.2d 343, 347; see *In re Bakke, supra*, 42 Cal.3d at p. 86 [trial court retained jurisdiction to enforce jail term imposed as a condition of probation because the defendant, in seeking a stay of the term pending appeal, waived the right to object to its execution after the probationary period had expired].) As in *Ham, Griffin* and *Bakke*, Hahn is estopped to complain about the trial court's purported lack of jurisdiction given that his actions caused the delay in enforcement of his sentence. (See Civ. Code, § 3517 ["No one can take advantage of his own wrong"].)

5

DISPOSITION

The order deleting Hahn's 120-day jail sentence and discharging him from custody is reversed. The matter is remanded to the trial court with directions to reinstate and execute the 120-day jail sentence.

CERTIFIED FOR PUBLICATION.

PERREN, J.

We concur:


YEGAN, Acting P. J.


TANGEMAN, J.

6

Ferdinand D. Inumerable, Judge
Superior Court County of Ventura

_____

Gregory D. Totten, District Attorney, and Michelle J. Contois, Deputy District Attorney, for Plaintiff and Appellant.

Todd A. Howeth, Public Defender, and Russell L. Baker, Senior Deputy Public Defender, for Defendant and Respondent.