Filed 5/10/18

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| HAN JING HUANG,<br>   Plaintiff and Appellant,<br><br>  v.<br><br>TOM HANKS,<br>   Defendant and Respondent.<br><br>[And 30 other cases.]* | C084702<br><br>(Super. Ct. No.<br>34201770001796CUHRGDS) |

---

* *Huang v. Sheen* (No. C084703); *Huang v. BinBing* (No. C084704); *Huang v. Yun-Fat* (No. C084706); *Huang v. Spears* (No. C084707); *Huang v. Winslet* (No. C084708); *Huang v. Neeson* (No. C084709); *Huang v. Cage* (No. C084710); *Huang v. Cruise* (No. C084711); *Huang v. West* (No. C084714); *Huang v. Ford* (No. C084715); *Huang v. Bale* (No. C084716); *Huang v. Molina* (No. C084718); *Huang v. Carrey* (No. C084719); *Huang v. Franco* (No. C084721); *Huang v. Ciccone* (No. C084723); *Huang v. Fenty* (No. C084724); *Huang v. Lama* (No. C084725); *Huang v. Cameron* (No. C084726); *Huang v. Lopez* (No. C084727); *Huang v. Chan* (No. C084729); *Huang v. Schwarzenegger* (No. C084730); *Huang v. DeVito* (No. C084731); *Huang v. Barrymore* (No. C084732); *Huang v. DiCaprio* (No. C084733); *Huang v. Stallone* (No. C084734); *Huang v. Zuckerberg* (No. C084735); *Huang v. Bay* (No. C084736); *Huang v. Witherspoon* (No. C084737); *Huang v. Lewinsky* (No. C084738); *Huang v. Spielberg* (No. C084739).

APPEALS from judgments of the Superior Court of Sacramento County, David F. De Alba, Judge. Affirmed.

Han Jing Huang, in pro. per., for Plaintiff and Appellant.

Reed Smith, Kasey J. Curtis and Carla M. Wirtschafter for Defendant and Respondent Robyn Rhianna Fenty in case No. C084724.

Keker, Van Nest & Peters and Paven Malhotra for Defendant and Respondent Mark Zuckerberg in case No. C084735.

Harder Mirell & Abrams, Harder, Douglas E. Mirell, Jordan D. Susman and Steven H. Frackman for Defendant and Respondent Steven Spielberg in case No. C084739.


Appellant filed requests for civil harassment restraining orders against defendants former California Governor Arnold Schwarzenegger, the Dalai Lama, Mark Zuckerberg, Monica Lewinsky, and 27 prominent entertainment personalities. Finding appellant's claims to be "patently frivolous," "patently frivolous on petition['s] face," or "frivolous on petition's face," the trial court denied with prejudice the applications for permanent injunctions prohibiting harassment. Notices of appeal were filed on May 2, 2017. We have consolidated the 31 appeals for disposition.

In the 31 cases, appellant alleges that defendants are "a lot of people with Hollywood background or Scientology background . . . or political background," who "control[ a] mental department in Texas," by which "they falsely accuse[ him] and use[] technology from mental department (mind reading) [to] attack[ him] secretly[,] . . . ask[ing] some adults to keep on stalking [him] and harass[ing] and threaten[ing him] by nano probes." Appellant further alleges that defendants "use[] nano probes (if use[d] in brain - it can mind-read) to control adults['] act[ions], [to] threaten people[, and] by this way, they can set trick to peaceful people and attack them[,] and threaten them, [and] they can rob money from peaceful people." Appellant concludes by alleging that defendants "attacked [his] mouth, and destroyed [the] inner skin of [his] mouth, the inner

2

skin under [his] teeth . . . let[ting] bacteria[] attack, and made [him] feel tooth pain[, causing him] to ask [a] dental doctor to take away one tooth," and that defendants "attacked [him] in [his] living room[ and] in all of [his] working places[,] sex-attack[ing his] breast in the public[ and] let[ting] the nano probes . . . attack [his] sex-part . . . ."

In denying appellant's requests for civil harassment restraining orders, the trial court did not cite or make reference to any statute or other legal premise for those decisions other than to describe the requests as "patently frivolous." However, "California courts have inherent power to '. . . control [their] proceedings.' " (*Vidrio v. Hernandez* (2009) 172 Cal.App.4th 1443, 1454, quoting *Bauguess v. Paine* (1978) 22 Cal.3d 626, 637.) "From their creation by article VI, section 1 of the California Constitution, California courts received broad inherent power 'not confined by or dependent on statute.' [Citations.] This inherent power includes 'fundamental inherent equity, supervisory, and administrative powers, as well as inherent power to control litigation.' [Citation.]" (*Stephen Slesinger*, *Inc. v. Walt Disney Co.* (2007) 155 Cal.App.4th 736, 758, fn. omitted (*Slesinger*).) "[B]ecause courts should hear only actual disputes, and should prevent harassment of defendants, California courts possess the inherent authority to dismiss cases that are fraudulent or 'vexatious.' [Citations.]" (*Id.* at pp. 758-759.) This inherent power of a trial court is to be exercised to " 'achieve justice and prevent misuse of [its] proces[s] . . . .' [Citation.]" (*Blueberry Properties, LLC v. Chow* (2014) 230 Cal.App.4th 1017, 1021.)

Hence, California "appellate courts possess the . . . inherent power to summarily dismiss any action or appeal which . . . is based upon . . . frivolous grounds. [Citations.]" (*Ferguson v. Keays* (1971) 4 Cal.3d 649, 658; accord, *In re Marriage of Gong & Kwong* (2008) 163 Cal.App.4th 510, 516; *San Ramon Valley Fire Protection Dist. v. Contra Costa County Employees' Retirement Assn.* (2004) 125 Cal.App.4th 343, 349; *People ex rel. Lockyer v. Brar* (2004) 115 Cal.App.4th 1315, 1318.) Frivolous appeals subject to dismissal include appeals that are "indisputably [without] merit -- when any reasonable

3

attorney would agree that the appeal is totally and completely without merit. [Citation.]" (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.) In the context of denying leave to proceed in forma pauperis, federal courts similarly have defined a frivolous complaint as a pleading " 'lack[ing] an arguable basis either in law or in fact[,] . . . [e]xamples of the latter class [include] claims describing fantastic or delusional [or fanciful] scenarios . . . .' " (*Denton v. Hernandez* (1992) 504 U.S. 25, 31-32 [118 L.Ed.2d 340, 349], quoting *Neitzke v. Williams* (1989) 490 U.S. 319, 325-328 [104 L.Ed.2d 338, 347-348].)

Likewise, we conclude that the trial court here "retain[ed] flexibility to exercise historic inherent authority . . . [to] fashion[] [a] remed[y] as necessary to protect [defendants'] rights" (*Slesinger, supra*, 155 Cal.App.4th at p. 762) to be free from the monetary expense and other costs of responding to appellant's frivolous claims that cannot avoid being categorized as "fantastic," "delusional," or "fanciful."

As best as we can surmise, appellant raises three challenges to the trial court's orders dismissing the applications for permanent injunctions prohibiting harassment: (1) that the trial court thrice refused to allow appellant to present evidence, (2) that the trial court interrupted the interpreter and the interpreter was not "professional," and (3) that the trial judge was not impartial.

"It is well settled . . . that a party challenging a judgment has the burden of showing reversible error by an adequate record. [Citations.]" (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.)[1] And, " ' "[a]ll intendments and presumptions are indulged to support [the judgment] on matters as to which the record is silent . . . ." ' [Citation.]" (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140.) Appellant has not provided a reporter's transcript, and consequently, we proceed to review the cases on only the

---

[1] We note that an appellant proceeding pro se is not exempt from these requirements. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)

4

clerk's transcripts, rendering the appeals to be "on the judgment roll alone. [Citations.]" (*Krueger v. Bank of America* (1983) 145 Cal.App.3d 204, 207.) Here, the clerk's transcripts contain only appellant's requests for civil harassment restraining orders, minute orders, and the notices of appeal and designations of the record on appeal. "On such . . . appeal[s], '. . . [u]nless reversible error appears on the face of the [appellate] record[s], an appellate court is confined to a determination' " as to the "sufficiency of th[ose pleadings]." (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082-1083.)

We have already determined that the pleadings submitted to the trial court by appellant were subject to dismissal as frivolous. We cannot address any claim relating to appellant's proffering evidence to the trial court, as the appellate records do not contain any references to any offers of proof nor any indications of what proof might have been offered that would have cured the defects in the pleadings. Nor, for the same reason, can we address any issue concerning the performance of the interpreter, as again, nothing in the appellate records indicates that appellant was not afforded competent assistance by an interpreter and was thereby prevented from curing the defects in the pleadings. And, although appellant has a due process right to an impartial judge (see *People v. Brown* (1993) 6 Cal.4th 322, 332-333), appellant's claim of bias made on appeal for the first time appears primarily to be limited to complaints about the fairness of the trial court rulings,[2] which " 'do not establish a charge of judicial bias, especially when they are subject to review.' [Citation.]" (*People v. Farley* (2009) 46 Cal.4th 1053, 1110.)

---

[2] Appellant's claims on appeal that the trial court judge "is Clinton's people" and that the trial court judge "supports Hillary Clinton" while appellant "supports [President] Trump" are unverified and conclusory, and fail to establish any due process violation.

5

## DISPOSITION

The judgments (orders) are affirmed.  The parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)


                                                     RAYE            , P. J.



We concur:



            ROBIE            , J.



            BUTZ            , J.