Filed 7/24/24  Singh v. Reedy CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| JASPREET SINGH, | C096860 |
| Plaintiff and Respondent, | (Super. Ct. No. STKCVURP2019002097) |
| v. | |
| JEFF C. REEDY et al, | |
| Defendants and Appellants. | |

Plaintiff Jaspreet Singh entered into an agreement to buy a parcel of real property in Lathrop, California from defendants Jeff C. Reedy and Dorinda Reedy.  After the agreement was signed, a dispute arose concerning the existence of an asserted commercial lease on the property.  The Reedys refused to close escrow on the sale unless Singh assumed the lease as the new owner of the property.

Singh initiated an action seeking specific performance of the purchase agreement. An arbitrator found in his favor on that claim, and the trial court confirmed the arbitrator's award.  The Reedys continued to refuse to close escrow unless Singh assumed the lease.

1

Singh then moved for the appointment of an elisor to execute the escrow documents. An elisor is a person designated by a court to perform functions necessary to enforce the court's orders, typically on behalf of a recalcitrant party. The trial court granted Singh's motion and appointed the clerk of court to sign the sale documents on the Reedys' behalf.

The Reedys appeal that order, asserting that it is faulty on both procedural and substantive grounds. Finding no abuse of discretion in the trial court's appointment of an elisor, we affirm.

BACKGROUND

I.

In November 2018, the Reedys listed for sale real property located in Lathrop. In December 2018, Singh tendered an offer on the property using a "California Residential Purchase Agreement and Joint Escrow Instructions" form contract. The Reedys presented a counteroffer, and Singh accepted.

Singh deposited the required funds in escrow, but the Reedys did not sign the escrow documents. Singh demanded specific performance of the written purchase contract, and the parties proceeded to arbitration.

In an October 2020 interim arbitration award, the arbitrator concluded that Singh was entitled to specific performance of the agreement. The arbitrator considered the Reedys' argument that the contract did not disclose that a December 2015 commercial lease between the Reedys and Jeff Reedy's company, Reedy Mechanical, Inc., encumbered the property and that the terms of the sale contract were therefore too uncertain to support the remedy of specific performance. The arbitrator found that the Reedys had failed to disclose the existence of the lease and concluded that they could not "benefit from their own failure to disclose [the] lease, by using that failure of their own making to defeat a specific performance claim." The arbitrator rejected Singh's claim for consequential damages but found he was entitled to attorneys' fees and costs.

2

The arbitrator issued a final award in December 2020. That award granted Singh $60,000 in attorneys' fees and nearly $26,000 in costs. The arbitrator denied Singh's request to make an express finding that the December 2015 commercial lease was invalid. The award likewise "ma[d]e no order authorizing the Clerk of the Court or a third party to execute documents necessary to complete the sale" of the property to Singh. But it preemptively awarded costs and fees to Singh if the Reedys failed to execute the necessary documents and Singh had to seek relief in court to complete the transaction.

In October 2021, the trial court confirmed both the interim and final arbitration awards and entered judgment in Singh's favor.

## II.

Four months later, Singh filed a motion with the trial court asserting that the Reedys were refusing to close escrow notwithstanding the court's confirmation of the arbitrator's award. Singh advised the court that he had filed a separate declaratory relief action to determine the validity of the 2015 commercial lease but that, in the interim, the Reedys were not willing to sign the closing documents unless he accepted the lease agreement through escrow. Singh asked the trial court to appoint the clerk of court as elisor to execute the sale documents on the Reedys' behalf.

The Reedys denied that they had refused to close the transaction. Their opposition to Singh's motion explained that they were prepared to close escrow with the 2015 commercial lease as part of the sale. They attached a number of exhibits that, they argued, established that the 2015 lease both existed and was disclosed to Singh as part of the property sale transaction.

The trial court issued a tentative ruling and, on April 5, 2022, heard argument on the motion. That same day, it issued a minute order affirming its tentative ruling. The minute order said that Singh's motion to appoint an elisor "may be granted solely as to the transfer of property, not the transfer of property absent the rental agreement. Any proposed order must be first approved as to form by [the Reedys], and this Court."

3

Singh submitted a proposed order to the court on June 7, 2022.  The trial court signed the order on July 5, 2022, and filed it the next day.  The order appointed the clerk of court to execute, on the Reedys' behalf, a list of enumerated and attached closing documents.

## DISCUSSION

### I.

Code of Civil Procedure section 128, subdivision (a)(4) confers on the courts of this state the power to "compel obedience" to their "judgments, orders, and process, and to the orders of a judge out of court, in an action or proceeding pending therein."  The statute codifies the " 'inherent power of the trial court to exercise reasonable control over litigation before it, as well as the inherent and equitable power to achieve justice and prevent misuse of processes lawfully issued.' "  (*Blueberry Properties, LLC v. Chow* (2014) 230 Cal.App.4th 1017, 1021.)  When a recalcitrant party refuses to take actions required by a court's order, a trial court may appoint what is commonly referred to as an "elisor" to perform those tasks.  (*Ibid.*; see also *Rayan v. Dykeman* (1990) 224 Cal.App.3d 1629,1635, fn. 2 [discussing term "elisor"].)  For example, when a party refuses to sign documents, including escrow documents, a trial court may designate an elisor to execute the documents in the party's place.  (*Blueberry Properties*, at pp. 1020-1021.)  We review a trial court's order appointing an elisor for abuse of discretion.  (*Id.* at p. 1020.)

### II.

The Reedys contend that the trial court abused its discretion in appointing an elisor to sign the closing documents necessary to transfer the Lathrop property.  We find none of their contentions persuasive.

### A.

The Reedys first challenge the process by which the order appointing an elisor was entered.  In particular, they argue that the trial court's order was defective because Singh

did not serve the Reedys with a proposed order until 52 days after the court's ruling, in violation of California Rules of Court, rule 3.1312 (rule 3.1312). That rule provides that, "[u]nless the parties waive notice or the court orders otherwise," a party prevailing on a motion must serve the nonprevailing party with a proposed order "for approval as conforming to the court's order" within five days of the court's ruling. (Rule 3.1312(a).)

As an initial matter, this claim appears to be forfeited. The "failure to raise an issue in the trial court typically forfeits on appeal any claim of error based on that issue." (*Howitson v. Evans Hotels, LLC* (2022) 81 Cal.App.5th 475, 489.) The Reedys do not point us to a place in the clerk's transcript showing that they urged the trial court to reject the proposed order as untimely; and they did not provide us with any record of the oral proceedings in the trial court.

The Reedys also have not cited any support in the record for their assertion that Singh's service of the proposed order was late. It is axiomatic that the appellant bears the burden of establishing reversible error. (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 766.) It is equally clear that an appellate brief must provide citations to the record to support its factual assertions. (*County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 861.) Here, the Reedys' brief states that Singh served them with the proposed order 52 days after the trial court's ruling, but it supplies no citation to the record showing the actual service date. We have not identified any document in the record establishing the date of service either. Nor does the record indicate whether the "parties waive[d] notice" or if the court ordered a time schedule other than the standard five days. (Rule 3.1312(a).)

But even if we assume that Singh was late in serving the Reedys with a proposed order, the Reedys have not directed us to any case in which an appellate court has reversed a trial court's order because the prevailing party served the proposed order more than five days after the ruling. Nor has our independent research revealed any, either under rule 3.1312 or its predecessor, former rule 391. Ordinarily, "[t]he failure to comply

5

with a mandatory procedural rule does not render a ruling void." (*People ex rel. Garamendi v. American Autoplan, Inc.* (1993) 20 Cal.App.4th 760, 772.) And in the specific context here, rule 3.1312 itself provides recourse for a nonprevailing party when the prevailing party fails to timely serve a proposed order: the nonprevailing party may prepare and submit its own. (Rule 3.1312(d).) We see no indication in the record that the Reedys availed themselves of that option.

B.

The Reedys also contend that the order appointing an elisor is invalid because it fails to conform to the trial court's tentative ruling, its minute order, and the arbitration award.

We do not consider the Reedys' claimed conflict with the tentative ruling. The tentative ruling does not appear in the record, and we " 'may disregard factual contentions that are not supported by citations to the record' " or are " 'based on information that is outside the record.' " (*County of Sacramento v. Singh*, *supra*, 65 Cal.App.5th at p. 861.)

We reject the Reedys' argument that the appointment order is inconsistent with the trial court's minute order and the arbitration award. The Reedys principally fault the appointment order for failing to require that the 2015 commercial lease be included as part of the property sale transaction. But neither the trial court's order confirming the arbitration award nor the minute order ruled on the validity of the lease or required the lease to be part of the sales transaction.

The Reedys further argue that the appointment order is defective because it directed the clerk of court to sign sales-related documents that grant title to the property and various proceeds not only to Singh but also to his wife, who was not a party to the underlying sales contract. From the record before us, it does not appear that the Reedys brought this issue to the trial court's attention, and the claim is therefore forfeited. (*Howitson v. Evans Hotels, LLC*, *supra*, 81 Cal.App.5th at p. 489.) In any event, the

6

Reedys offer no reason why the inclusion of Singh's wife as a cobuyer on the sales documents reflects an abuse of the trial court's discretion to compel obedience to its own orders or why the presence of her name on those documents made any difference to the trial court's decision to appoint an elisor to complete the sale. (See *Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348 ["judgment or order is presumed correct and the appellant has the burden of demonstrating prejudicial error"].)

## C.

Last, the Reedys claim that the trial court abused its discretion in appointing the clerk of court as elisor because they did not refuse to consummate the sale of the property. This claim fails because it is clear from their arguments, here and before the trial court, that they were willing to close escrow only if Singh assumed the 2015 lease. But as we just noted, neither the arbitrator's award nor the trial court's minute order required Singh to assume the lease to close escrow. And nothing in the record suggests that the Reedys were willing to sign the closing documents without the lease included.

The Reedys invoke the premise that a lease runs with the land and that a buyer therefore must assume all rights and obligations. (*Laffan v. Naglee* (1858) 9 Cal. 662, 677 ["Every covenant in the lease relating to the *thing demised*, attached to the land, and ran with it"].) That principle does not assist them because this is not an action for a judgment declaring the status of the lease. Our review is limited to the order granting Singh's motion for appointment of an elisor. (See *Blueberry Properties, LLC v. Chow*, *supra*, 230 Cal.App.4th at p. 1020 [court only reviewed order appointing elisor, not issues regarding underlying judgment from which the appellant did not appeal].) The existence and validity of the 2015 lease are matters beyond the scope of this appeal.[1]

---

[1] Singh requests that we take judicial notice of the trial court's order in San Joaquin County Superior Court case No. STK-CV-UCC-2021-0011339 confirming an arbitrator's award that declared the 2015 lease void and invalid, in addition to an opposition brief

DISPOSITION

The trial court's July 6, 2022, order appointing the clerk of the court as elisor is affirmed.  Singh shall recover his costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

                                              /s/
                                              Feinberg, J.

We concur:

 /s/
Mauro, Acting P. J.

 /s/
Mesiwala, J.

---

filed by the Reedys in that action.  We deny the motion because the proffered material is not necessary to our decision.  (*City of Grass Valley v. Cohen* (2017) 17 Cal.App.5th 567, 594, fn. 13.)