Filed 7/30/24  Strelkova v. Allen CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NATALIA STRELKOVA,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>DOUGLAS ALLEN,<br><br>    Defendant and Respondent;<br><br>PAVEL Y. KOUPRINE,<br><br>    Objector and Appellant. | G062601<br><br>(Super. Ct. No. 30-2022-01263079)<br><br>O P I N I O N |

        Appeal from a judgment of the Superior Court of Orange County, Craig L. Griffin, Judge.  Affirmed.

        Law Offices of Pavel Kouprine and Pavel Y. Kouprine for Plaintiff and Appellant.

        No appearance for Defendant and Respondent.

Attorney Pavel Y. Kouprine challenges a sanctions order issued by the trial court against him in the amount of $7,315. The sanctions order was entered pursuant to Code of Civil Procedure section 128.5 and was based on the court's findings that actions or tactics by Kouprine were taken in bad faith or were frivolous and solely intended to cause unnecessary delay. Finding no abuse of discretion by the trial court, we affirm.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

### I.

### THE COMPLAINT IS FILED AND THE ANSWER IS SUBMITTED BUT REJECTED

On June 6, 2022, Kouprine, as counsel for plaintiff Natalia Strelkova, filed a complaint against Douglas Allen arising out of Strelkova's rental of property from Allen. Allen was served by personal service on June 11, 2022. Allen's counsel, Zachariah Tomlin, timely submitted Allen's answer to the complaint via electronic filing on July 11, 2022; due to an error by the clerk, however, the filing was rejected.

Tomlin served the answer on Kouprine by mail. Tomlin also served written discovery on Kouprine, which Kouprine acknowledges he received on July 14, 2022.

### II.

### DEFAULT IS ENTERED, THEN SET ASIDE

On July 12, 2022, one day after Allen's response to the complaint was due, Kouprine electronically filed a request for entry of default with the trial court. The default was entered by the court clerk the same day (the July 12 default). Tomlin contacted Kouprine on July 14, 2022, advising him the court had improperly rejected Allen's answer to the complaint and Tomlin was attempting to correct the error.

On July 18, Tomlin proposed a stipulation to set aside the July 12 default. Kouprine refused to sign it. Tomlin then filed an ex parte application to set aside the default. (Code Civ. Proc., § 473, subd. (d).) The trial court denied the ex parte application on the grounds it did not establish irreparable harm or immediate danger, but set the matter for hearing on September 26, 2022.

In the meantime, on August 2, 2022, a clerk's application and order re correction of error was entered, confirming that the default entered on July 12, 2022 was an error by the clerk's office, since an answer had been submitted on July 11, 2022. The order set aside the July 12 default due to the clerk's error and ordered the answer previously submitted by Allen to be deemed filed as of July 11, 2022. Although the clerk's application correctly identified the default as having been filed on "07/12/2022," the line setting forth the terms of the order contained a typographical error, noting the default being set aside was filed on "07/12/2021." Tomlin electronically served a copy of the August 2 order on Kouprine on August 16, and the clerk's office served the order on Kouprine by mail on August 17.

On August 31, 2022, Kouprine, on behalf of Strelkova, filed a notice of appeal from the August 2 order setting aside the July 12 default. (*Strelkova v. Allen*, case No. G061753.) He filed a notice of abandonment of that appeal on September 19, 2022; two days later, Kouprine filed a petition for writ of mandate in this court to reverse the August 2 order. (*Strelkova v. Superior Court*, case No. G061835.) A panel of this court summarily denied the petition.

3

## III.

### DEFAULT IS ENTERED FOR A SECOND TIME

On August 12, 2022, Kouprine filed a second request to enter Allen's default, which the court clerk entered as requested.[1]  Although this time Kouprine was well aware of the identity of Allen's counsel, Kouprine did not first advise Tomlin that he intended to seek this second default.  On the same day, Kouprine filed a motion for a protective order, asking the trial court to order that Strelkova need not respond to the discovery propounded by Allen, because Allen was now in default.  Tomlin filed an opposition to the motion, requesting sanctions against Strelkova and Kouprine.  Ultimately, Kouprine took the motion for a protective order off calendar.

On August 29, 2022, again in response to a clerk's application for correction of error, the trial court entered an order vacating the August 12 default on the ground Allen's answer previously had been filed on July 11.

## IV.

### THE TRIAL COURT ISSUES AN ORDER TO SHOW CAUSE REGARDING SANCTIONS AND IMPOSES SANCTIONS ON KOUPRINE, KOUPRINE'S LAW FIRM, AND STRELKOVA

In December 2022, Allen moved for discovery sanctions against Strelkova and Kouprine.  In January 2023, the trial court on its own motion issued an order to show cause (OSC) regarding sanctions based on the entries of default.  The OSC read, in relevant part, as follows:  "To Plaintiff Natalia Strelkova, and her attorneys of record herein, Pavel Kouprine and the Law Offices of Pavel Kouprine:  [¶]  You are ORDERED to show cause (OSC) why sanctions, consisting of a penalty to be paid to the Court or reasonable

---

[1]  This, too, was an error by the clerk, as the trial court had already ruled that Allen's answer was deemed filed on July 11, 2022.

4

attorney fees to be paid to Defendant Douglas Allen, in an amount not to exceed $10,000 should not be assessed against you under Code of Civil Procedure section 128.5 for the following conduct: [¶] 1. Taking the Defendant's default immediately after the answer was due. [¶] 2. Failing to agree to set aside the default and forcing Defendant to file a motion to set aside despite being presented with evidence that the default was entered by an error of the clerk's office, and having no evidence to the contrary. [¶] 3. Refiling a request for entry of default on August 12, 2022, after the Court set aside the previous default by order of August 2, 2022, based on the clerk's office determination of error, and without performing your ethical obligation to contact Defendant's counsel prior to the filing of the second request for default, and without providing Defendant a reasonable opportunity to avoid the default. [¶] This OSC is based on the legal and ethical principles set forth in *LaSalle v. Vogel* (2019) 36 Cal.App.5th 127, as recognized by *Shapell Socal Rental Properties, LLC v. Chico's FAS, Inc.* (2022) 85 Cal.App.5th 198."

Kouprine and Strelkova filed a written response to the OSC. Tomlin filed a declaration detailing the attorney fees he had incurred in connection with the three categories of conduct by Kouprine that were identified by the trial court in the OSC as having been made in bad faith, frivolous, or solely intended to cause delay.

At the hearing on the OSC, the trial court expressed its belief that Kouprine lacked credibility. "I am not getting any candor out of you whatsoever." "[Y]ou don't have an answer because you knew the default had been set aside as you say in your papers you knew it had been set aside, and then you went and filed another request for default. [¶] I'm scratching my head why you would do that. [¶] The answer you've given for that is clearly false. It wasn't to clear up some error or mistake because you also filed a

5

request for judgment and a proposed judgment and then filed an appeal afterward. [¶] I just get so little candor from you. It's astonishing." The court acknowledged that the amount of sanctions reflected in its tentative rulings on both the OSC and the discovery sanction motion "add up to almost $22,000."[2] But it explained: "[T]his is money that the other side spent for nothing. I mean, to me, this is the most outrageous abuse of the default procedure and of discovery that I've seen . . . in forever. I mean, the fact that you knew that the court had removed the default, you knew it was a clerk's error, you knew the court had set it aside, then you refiled it anyway knowing the court set it aside, then used it as a basis to file a motion for protective order not to do any discovery, allow the other side any discovery. [¶] To me, that's just outrageous behavior. I don't understand why you would do that. [¶] But . . . I need to sanction you. I do very few OSC's like this, but I think it's necessary. You know, I'm required to report you to the State Bar and I'm giving you notice of that as required by rule. [¶] I just think this is completely outrageous behavior. I think your declaration under penalty of perjury as to why you filed the second default is not only nonsensical, it's also false. And . . . you were unable to answer the questions. I mean, you made it sound like you didn't know about it, the set aside . . . but your papers said you did know about it, so I don't think you're being—having any candor before the court in your argument. [¶] So I really don't see a need . . . to change any of my tentative ruling."

In its final ruling on the OSC, the trial court declined to impose sanctions for the conduct identified in the first paragraph of the OSC (taking

[2] The trial court imposed sanctions in the amount of $14,300 against Strelkova and Kouprine, jointly and severally, on Allen's motion for discovery sanctions. That order is not before us on this appeal.

the first default on the first day after the answer was due without contacting the other side), noting that, at the time, no one acting for the defendant had contacted Kouprine. The trial court, however, did impose sanctions for the conduct identified in the second paragraph of the OSC (failing to agree to set aside the first default despite knowing default had been entered by the clerk in error) and the third paragraph of the OSC (filing a second request to enter default after the prior default was set aside and without contacting defendant's counsel before doing so). In explaining its ruling, the court made a number of findings and conclusions:

First, the trial court found Kouprine was aware no later than July 14, 2022, that Allen's answer had been timely submitted to the court and the clerk had erred by entering default. Thus, the court concluded Kouprine's "baseless refusal to stipulate to set aside the default" and his opposition to Allen's ex parte application "were undertaken in bad faith and for the purpose of delay."

Second, the trial court found Kouprine's professed explanations for filing the second request for default on August 12, 2022, were "facially nonsensical" and "plainly false." Kouprine suggested that he only sought the second default as "an expeditious and economical means" of correcting the typographical error in the date in the court's August 2, 2022 order setting aside the first default. The court found this was "facially nonsensical" and "belied" by the facts that (1) Kouprine concurrently filed with the second request for default a proposed judgment and a request for entry thereof; and (2) he also filed a notice of appeal from the court's corrected order setting aside the first default. The court also found Kouprine's filing of the motion for a protective order regarding discovery concurrently with the second application for default "demonstrates that the Plaintiff's filing of the second

7

default was for the purpose of delay, and not to simply clean up a typo on the earlier set-aside motion." The court concluded, "Plaintiff refused to cooperate in setting aside a plainly erroneously entered default, and then quietly sought another default and judgment after the Court had appropriately stricken the first one. The explanations Plaintiff's attorney offered for seeking the second default—under penalty of perjury—are plainly false."

Third, the trial court found that the conduct of Strelkova and Kouprine "reflects actions or tactics made in bad faith that were frivolous and solely intended to cause unnecessary delay, and that such conduct warrants imposition of monetary sanctions under C.C.P. § 128.5 against both Plaintiff and her counsel."

Fourth, the trial court rejected Plaintiff's safe harbor defense, finding that the safe harbor provisions of Code of Civil Procedure section 128.5, subdivision (f)(1) did not apply because, among other reasons, "the filing of an application for default is not 'a complaint, cross-complaint, answer, or other responsive pleading.'"[3]

Fifth, with respect to the amount of sanctions awarded, the trial court found that Tomlin's hourly rate of $550 was reasonable and that 13.3 hours of attorney Tomlin's time (somewhat less than Tomlin had requested) were properly claimed. The court concluded that Strelkova, Kouprine, and the Law Offices of Pavel Kouprine were jointly and severally liable for sanctions pursuant to Code of Civil Procedure section 128.5 in the amount of $7,315, to be paid to Allen through his counsel of record within 45 days. The trial court also found the amount of sanctions assessed did not

---

[3] We agree the safe harbor defense does not apply here and, in any event, Kouprine does not pursue this argument on appeal.

exceed the amount "'sufficient to deter repetition of the action or tactic or comparable action or tactic by others similarly situated'" under Code of Civil Procedure section 128.5, subdivision (f)(2).

Pursuant to Business and Professions Code section 6086.7, the trial court's order referred the matter to the State Bar and provided notice to Kouprine as required by rule 10.609 of the California Rules of Court.

Kouprine paid Tomlin's law firm the ordered sanctions. Strelkova filed a notice of appeal.

## DISCUSSION

## I.

### APPEALABILITY

After the filing of this appeal, Strelkova and Allen settled their dispute. As Kouprine notes, however: "This appeal is focused on the action taken by the Respondent Court in reporting the attorney Pavel Kouprine to the California State Bar. The appeal does not seek to reverse any orders affecting the parties to the underlying matter." We conclude, despite the settlement of the underlying action, this appeal is not moot.

## II.

### STANDARD OF REVIEW

"'The award of sanctions for a frivolous action [or tactic] under Code of Civil Procedure section 128.5 is within the sound discretion of the trial court.'" (*Wallis v. PHL Associates, Inc.* (2008) 168 Cal.App.4th 882, 893.)[4] "'"The abuse of discretion standard . . . measures whether, given the established evidence, the act of the lower tribunal falls within the permissible

---

[4] One of the cases Kouprine cites in his appellate brief regarding the standard of review is unpublished and uncitable. (Cal. Rules of Court, rule 8.1115(a).)

9

range of options set by the legal criteria.'" [Citation.] The scope of the trial court's discretion is limited by law governing the subject of the action taken. [Citation.] An action that transgresses the bounds of the applicable legal principles is deemed an abuse of discretion. [Citation.] In applying the abuse of discretion standard, we determine whether the trial court's factual findings are supported by substantial evidence and independently review its legal conclusions." (*In re Marriage of Drake* (2015) 241 Cal.App.4th 934, 939–940.)

III.

ANALYSIS

The conduct by Kouprine the trial court found sanctionable was (1) his refusal to set aside the first default even after he learned Allen's answer had been timely submitted to the court and the clerk had erroneously refused to accept it; and (2) his stealthy second request for entry of default, without advising Allen's counsel that he intended to do so and despite knowing the answer had already been filed weeks earlier.[5]

"The obligation to advise opposing counsel of an impending default is part of an attorney's responsibility to the court and the legal profession and takes precedence over the obligation to represent the client effectively." (*Shapell Socal Rental Properties, LLC v. Chico's FAS, Inc.,*

---

[5] Although the court's order imposed sanctions jointly and severally against Strelkova, Kouprine, and Kouprine's law firm, it is only Kouprine who is pursuing this appeal. As he candidly concedes in his appellate brief: "The intent of this Appeal is to avoid a disciplinary action, through, perhaps, a directive that the amount of sanctions, which is subject to the Business and Profession[s] Code 6068.7, be considered to not to exceed $1,000.00. The only order this Appeal effectively seeks is the reversal of the referral of attorney Pavel Kouprine to the State Bar of California."

*supra*, 84 Cal.App.5th at p. 182.)  Substantial evidence supports the trial court's findings that Kouprine and his law firm violated this obligation.

Substantial evidence also supports the trial court's findings that Kouprine acted in bad faith and pursued frivolous tactics solely to cause unnecessary delay when he refused to set aside the first default despite knowing it had been entered erroneously by the clerk and when he sought (and obtained) a second default despite knowing Allen's answer had already been filed.  It takes no elaborate analysis or citation to know that such conduct by an attorney is beyond the pale.

Further, substantial evidence supports the trial court's findings that Kouprine failed in his duty to act with candor toward the court.  "An attorney is an officer of the court and owes the court a duty of candor." (*Levine v. Berschneider* (2020) 56 Cal.App.5th 916, 921.)  It is obvious that Kouprine's attempts to explain his actions to the court violated that duty.

In short, we find no error either in the trial court's conclusion that sanctions were appropriate or in the amount of sanctions awarded. None of Kouprine's arguments to the contrary is persuasive.

Kouprine argues the entire sanctions award is improper because no party made a motion pursuant to Code of Civil Procedure section 128.5. This argument relies on Kouprine's selective quotations from the statute. Read in its entirety, Code of Civil Procedure section 128.5 gives the trial court the authority to issue an OSC regarding sanctions and then impose sanctions.  The necessary notice was provided to Kouprine through the OSC. The amount of sanctions, tied to the attorney fees incurred by Allen as a result of Kouprine's improper tactics, was appropriate.

Kouprine also argues the trial court abused its discretion by awarding sanctions for the attorney fees spent opposing his petition for a writ

11

of mandate. It is clear that the filing of the writ petition was part of a long string of actions by Kouprine undertaken in bad faith after he had notice the July 12 default had been entered in error. The appeal from the order setting aside the July 12 default and the subsequent petition for writ were part of Kouprine's persistent, bad faith refusal to agree to set aside the default after he was aware it had been improperly entered, and to then attempt to reverse the order setting it aside. The OSC did not deny Kouprine an opportunity to respond vis-à-vis his actions regarding the petition for a writ; to the contrary, his response to the OSC filed with the trial court specifically addressed his actions in filing the petition for a writ.

Kouprine's argument that the time period for Allen to seek attorney fees and costs in connection with the petition for a writ expired before the OSC was issued also is without merit. The trial court had inherent authority under Code of Civil Procedure section 128.5 to manage the cases before it and to effectuate its judgments and orders. (*Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 967; *Blueberry Properties, LLC v. Chow* (2014) 230 Cal.App.4th 1017, 1021.) The court's ability to sanction Kouprine was not restricted by the statutory time limits imposed on a prevailing party seeking costs.

Kouprine argues his opposition to the ex parte application to set aside the July 12 default cannot be deemed frivolous because the trial court judge denied the ex parte application and set the matter for a hearing. This, too, is wishful thinking by Kouprine. It is true the trial court found Allen "has not made 'an affirmative factual showing in a declaration containing competent testimony based on personal knowledge of irreparable harm, immediate danger, or any other statutory basis for granting relief ex parte.'" But that was not a ruling on the merits of the motion to set aside the default;

12

it was simply a determination that considering the matter at a regularly-set hearing would not cause irreparable harm to Allen.

In sum, the findings in the trial court's order imposing sanctions under Code of Civil Procedure section 128.5 are supported by substantial evidence. The court did not abuse its discretion in imposing the sanctions or in determining the amount of the monetary sanctions imposed. We decline Kouprine's request to reduce the amount of the monetary sanctions (or deem them to be reduced) to something under $1,000 so that he can avoid being referred to the State Bar for potential disciplinary action. Kouprine's conduct here is precisely the kind of egregious conduct by counsel that should be brought to the attention of the State Bar. Although "sanctions should be reserved for serious violations of the standard of practice," they are entirely appropriate where an attorney's lack of civility or candor toward the court is severe. (*Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 293–294.) That is the case here.

## DISPOSITION

The sanctions order is affirmed. Because no other party appeared on appeal, no party shall recover costs on appeal.

GOODING, J.

WE CONCUR:

O'LEARY, P. J.

BEDSWORTH, J.

13